BELSOME, Judge.
| Defendant-Appellant Entergy New Orleans, Inc. appeals the trial court’s judgment denying a Motion for Judgment Non Obstente Veredicto and Motion for New Trial. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
Plaintiff-Appellee Todd Odom sustained injuries on August 31, 1999, subsequent to a fire and explosion in his apartment at 2623 North Rampart Street. Mr. Odom filed suit on August 28, 2000, naming as defendants the Housing Authority of New Orleans (“HANO”), John Peter Phillips (Mr. Odom’s landlord), and Allstate Insurance Company (Mr. Phillips’ insurer). Mr. Odom subsequently added Entergy New Orleans, Inc. (“Entergy”) as a defendant, asserting that Entergy was negligent in its failure to properly inspect the premises and gas lines. In April 2005, a jury found in favor of Mr. Odom, assigning 86% of fault to Entergy, 1% to Mr. Phillips, and 13% comparative fault to Mr. Odom, awarding $11,458,00o.[1]
12Puring post-trial proceedings, Entergy asserted that it was contacted by Alex Zepeda, a former co-worker of Brent Scott, one of Mr. Odom’s witnesses at trial. Entergy submits that Mr. Zepeda advised them that Mr. Scott may have committed perjury when he testified at trial and by deposition. On July 21, 2005, Entergy filed a Supplemental Memorandum in Support of Judgment NOV, and Alternatively, Motion for New Trial and/or Remittitur. A hearing on the motion took place on May 10, 2006. At the hearing, both Mr. Scott and Mr. Zepeda testified, the parties orally argued their post-trial motions to the court, and a tape-recorded conversation between Mr. Scott and Mr. Zepeda was introduced into evidence, as well as an affidavit executed by Mr. Zepeda. The court took the matter under advisement, and on August 10, 2006, the trial court entered the remittitur for future care and denied Entergy’s motions for JNOV and New Trial. This appeal followed.
STANDARD OF REVIEW
The standard of appellate review in a ruling on a motion for a new trial is whether the trial court abused its discretion. Anthony v. David Lumber, 629 So.2d 329, 331 (La.1993).[2]
DISCUSSION
On appeal, Entergy sets forth three assignments of error: first, that the trial court erred in denying its motion for a new trial; second, that the jury erred in assigning 86% of the fault to Entergy; and third, that the trial court’s inclusion of | «¡separate items of recovery for disability, disfigurement, and scarring was an erroneous duplication of Mr. Odom’s claim for general damages.
Assignment of Error # 1
In its first assignment of error, Entergy submits that pursuant to La. C.C.P. arts. 1972 and 1973, the trial court abused its discretion in not granting a new trial. We disagree.
La. C.C.P. art.1972, which governs peremptory grounds for a new trial, provides:
*180 A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.
Entergy contends that La. C.C.P. art 1972(2) was satisfied in this ease because Mr. Zepeda’s affidavit and testimony alleged, after the trial, that Mr. Scott had told him that he had been promised a large sum of money in exchange for his testimony at trial, and that the cause of the explosion was in fact a failed suicide attempt by Mr. Odom. Accordingly, Entergy argues, Mr. Zepeda’s testimony was sufficient to warrant a disregard of the jury verdict in this case, and that it was not something that could have been discovered prior to trial with due diligence.
|4In its Reasons for Judgment, the trial court analyzed whether the evidence introduced at the hearing could have been discovered “with due diligence” prior to the trial and additionally, whether it was “important to the cause” when considered with the entirety of the evidence in the case.
First, the trial court acknowledged the broad discovery parameters to which parties are entitled pursuant to La. C.C.P. art. 1422.[3] The court noted that one of the purposes of discovery guidelines is to prevent unwarranted prejudice resulting from surprise testimony, in addition to a public policy interest in compelling witnesses to come forward prior to trial. Next, the trial court addressed the due diligence requirement pursuant to La. C.C.P. art. 1972(2), finding that due diligence does not require the impossible, but merely that a party must do all that is reasonable to lead to the discovery of evidence. This Court has articulated the test for determining whether a new trial should be granted when new evidence is presented:
A motion for new trial on the basis of newly-discovered evidence should be granted if the movant proves the following: (1) that the new evidence was discovered after trial, (2) that the new evidence is not cumulative, (3) that the new evidence would tend to change the result of the case, and (4) that the new evidence could not have been discovered, with due diligence, before the trial was completed.
Harris v. Orleans Parish School Board, 1997-0724, p. 4 (La.App. 4 Cir. 1/28/98), 706 So.2d 223, 225 (citing Barker v. Rust Engineering Co., 428 So.2d 391, 394 (La.1983)); Wright v. Hirsch, 572 So.2d 783, 791-92 (La.App. 4 Cir.1990), unit denied, 576 So.2d 31 (La.1991).
The trial court found that the testimony at the hearing established that Mr. *181 Scott was Mr. Zepeda’s supervisor at their place of employment before and during the trial. Mr. Zepeda testified that he spoke with Mr. Scott several times both prior to and after the trial, and that Mr. Scott advised him before the trial that he knew Mr. Odom had tried to commit suicide on the evening of the explosion. The court observed that Mr. Zepeda’s name, as a coworker of Mr. Scott, was mentioned in pretrial deposition testimony, and that Mr. Zepeda lived in Monroe, Louisiana prior to the trial. The trial court noted that the crux of Entergy’s case clearly centered on its argument that Mr. Odom’s injuries resulted from a failed suicide attempt rather than a gas leak inside his apartment. Accordingly, the trial court found that a reasonable measure would have been to interview friends, family, and co-workers of both Mr. Odom and Mr. Scott; as Mr. Scott’s co-worker, Mr. Zepeda was ostensibly in the pool of potential witnesses available to Entergy. Because the trial court found no evidence that Mr. Zepeda concealed himself from counsel for Entergy, the court thus concluded that Mr. Zepeda’s testimony could have been obtained with due diligence on the part of Entergy either prior to or during the trial.
With respect to a determination as to whether newly discovered evidence was “important to the cause,” see, e.g., Pyles v. Weaver, 2006-0348, 2006-0644, p. 4, (La.App. 4 Cir. 5/16/07), 958 So.2d 753, 758, the trial court found it unnecessary to make such a determination because it had concluded that the evidence was not newly discovered; however, the trial court nonetheless outlined its reasons for finding that the evidence, while not newly discovered, was likewise |finot important to the cause. The trial court concluded that upon review of the post-trial evidence, taken together with the two weeks of trial testimony and the demeanor of the witnesses, that the jury verdict would not have changed had the jury been presented with Mr. Zepeda’s testimony at trial. The court noted that Entergy presented evidence that Mr. Scott’s testimony regarding the gas leak was suspect, as well as evidence that Mr. Odom attempted suicide on the night of the explosion. Likewise, the court noted that the plaintiff also presented credible testimony with respect to each of those points, and that the jury, in its collective wisdom, found the evidence presented by the plaintiff to be more credible. Therefore, the trial court found that Entergy failed to establish the necessary grounds for a new trial under La. C.C.P. art. 1972(2). Additionally, the trial court found that it was prevented from exercising its discretionary power because good grounds did not exist for a new trial pursuant to La. C.C.P. art.1973 (providing that a new trial may be granted in any case if good grounds exist therefore).
Upon review of the record in this case, we cannot say that the trial court abused its discretion in denying the motion for a new trial. This assignment of error lacks merit.
Assignment of Error # 2
Because we find that the trial court properly denied Entergy’s motion for new trial, we find that Entergy’s assignment of error with respect to the jury’s apportionment of fault also lacks merit.
Assignment of Error # 3
In its third and final assignment of error, Entergy submits that the trial court erred by including separate items of recovery for disability, disfigurement, and scarring. We disagree.
|7The Louisiana Supreme Court recently expressed in McGee v. A C and S, Inc., 2005-1036 (La.7/10/06), 933 So.2d 770, its approval of courts routinely allowing different elements of general damages to *182 be ' listed separately, noting specifically that “general damages for permanent scarring and/or disfigurement are often listed separately.” McGee, 2005-1036, p. 5, 933 So.2d at 775 (citing Joseph v. Broussard Rice Mill, Inc., 2000-0628, p. 17 (La.10/30/00), 772 So.2d 94, 106-107, n. 6; Degruise v. Houma Courier Newspaper Corp., 95-1862, p. 9 (La.11/25/96), 683 So.2d 689, 694). Therefore, we find that this assignment of error lacks merit.
CONCLUSION
For the aforementioned reasons, we find that the trial court did not abuse its discretion in its denial of the motion for a new trial in this case. Likewise, we do not find that the jury’s apportionment of fault was erroneous, nor do we find that the trial court erred in its inclusion of separate items of recovery for disability, disfigurement, and scarring. Accordingly, the judgment of the trial court is hereby affirmed.
AFFIRMED.
JONES, J., Concurs with Reasons.

. The future care award was subsequently reduced from $4,000,000 to $2,787,654; the ultimate judgment against Entergy was $8,378,262.44, plus interest and costs.

. The Appellant did not assign as error the trial court’s denial of the JNOV; thus, we need only address the trial court’s denial of the Motion for New Trial.

. La.C.C.P. art. 1422 provides, in pertinent part:
Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any' discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.