MARC E. JOHNSON, Judge.
 

 12Plaintif'f/AppeIlant appeals the denial of his Motion to Set Aside Order to Dismiss Suit on Grounds of Abandonment and the denial of his Motion for New Trial from the 24th Judicial District Court, Parish of Jefferson, in favor of Defendants/Appel-lees, Entergy Corporation, Entergy Services, Inc., and Laurence Hamric. For the following reasons, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 This case arises from an action for damages for alleged age-related employment discrimination, which was filed on April 1, 1996. On February 29, 2008, Defendants filed an
 
 Ex Parte
 
 Motion and Order to Dismiss Suit on Grounds of Abandonment averring that Plaintiff had not taken any steps to prosecute or defend the suit between February 2, 2005 and February 2, 2008. The trial court signed the order on March 4, 2008 and dismissed Plaintiffs case.
 

 In response to the dismissal, Plaintiff filed a Motion to Set Aside Order of Dismissal with the trial court. A hearing was held on the motion to set aside on 13 July 24, 2008. The trial court subsequently rendered a judgment denying the motion on July 31, 2008, and issued reasons for judgment. The trial court concluded that
 
 *968
 
 the record clearly showed the case was abandoned, and Plaintiff failed to carry the burden of proof necessary to overcome the dismissal of the suit on abandonment. Plaintiff filed a Motion for New Trial on August 12, 2008 alleging that a new trial should be granted because of Plaintiffs newly-discovered evidence. The motion was heard on January 5, 2009 and was denied on January 15, 2009. From these judgments, Plaintiff filed the appeal before this Court.
 

 ASSIGNMENTS OF ERROR
 

 Plaintiff appeals and assigns the following as errors: 1) the trial court erred in denying Plaintiffs Motion to Set Aside the
 
 Ex Parte
 
 Order of Dismissal on Grounds of Abandonment; 2) the trial court erred in finding that Plaintiff failed to carry the burden of proof necessary to overcome the dismissal of his suit for abandonment; 3) the trial court erred in its finding that “this case was abandoned” on the basis of its “review of the record,” which was a clear legal error; 4) the trial court erred in denying Plaintiffs Motion for New Trial; and, 5) the trial court erred in its failure to consider the extrinsic evidence introduced at the hearings, and in its ignoring of the affidavit of Sue A. Robichaux, it failed to consider newly discovered evidence submitted in support of Plaintiffs Motion for New Trial.
 

 LAW AND ANALYSIS
 

 Trial CouH’s Review of the Record
 

 Plaintiff alleges that the trial court committed a legal error in its finding that the case was abandoned on the basis of its “review of the record.” In the “Judgment and Reasons for Judgment” on the Motion to Set Aside the
 
 Ex PaHe
 
 Order of Dismissal on Grounds of Abandonment, the trial court reasoned, “A review of the record clearly shows this case was abandoned.”
 

 |4It is well-settled that a Court of Appeal may not set aside a trial court’s or a jury’s finding of in the absence of “manifest error” or unless it is “clearly wrong.”
 
 Evans v. Lungrin,
 
 97-0541(La.2/6/98); 708 So.2d 731, 735
 
 citing Rosell v. ESCO,
 
 549 So.2d 840, 844 (La.1989). However, where one or more trial court legal errors interdict the fact finding process, the manifest error standard is no longer applicable, and if the record is otherwise complete, the appellate court should make its own independent
 
 de novo
 
 review of the record and determine a preponderance of the evidence.
 
 Evans v. Lungrin,
 
 708 So.2d at 735. A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial.
 
 Id. citing Lasha v. Olin Corp.,
 
 625 So.2d 1002, 1006 (La.1993). Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights.
 
 Evans v. Lungrin,
 
 708 So.2d at 735.
 

 Any formal discovery served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action. LSA-C.C.P. art. 561(B);
 
 Padua v. Gray,
 
 08-0582 (La.5/16/08); 980 So.2d 699.
 

 According to the “Judgment and Reasons for Judgment” by the trial court, the decision was based upon a review of the record. The record reviewed by the trial court was not entirely indicative of whether or not the case was abandoned because it did not include the additional discovery exchanged between the parties. Because we find that the trial court committed a legal error in this respect, we have conducted a
 
 de novo
 
 review of the record.
 

 
 *969
 

 Denial of the Motion to Set Aside and the Burden of Proof
 

 [1]
 

 An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. LSA-C.C.P. |sart. 561(A)(1). Abandonment shall be operative without formal order, but, on
 
 ex parte
 
 motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. LSA-C.C.P. art. 561(A)(3).
 

 Whether or not a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact.
 
 Dunn v. City of Kenner,
 
 08-378 (La.App. 5 Cir. 3/26/09); 11 So.3d 1115, 1117
 
 citing Lyons v. Dohman,
 
 07-0053 (La.App. 3 Cir. 5/30/07); 958 So.2d 771, 774. The Louisiana Supreme Court has held that LSA-C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiffs suit and abandonment is not meant to dismiss actions on mere technicalities but to dismiss actions which have been clearly abandoned.
 
 Id.
 

 LSA-C.C.P. art. 561 has been construed as imposing three requirements on plaintiffs: 1) plaintiffs must take a “step” towards prosecution of their lawsuit, 2) the step must be taken in the proceedings, and with the exception of formal discovery, must appear in the record of the suit, and 3) the step must be taken within the legislatively prescribed time period of the last step taken by either party.
 
 Brown v. Michaels Stores, Inc.,
 
 07-772 (La.App. 5 Cir. 2/19/08); 980 So.2d 62 citing
 
 Clark v. State Farm Mut. Auto. Ins. Co.,
 
 00-3010 (La.5/15/01); 785 So.2d 779, 783-784.
 

 Plaintiff argues that the denial of his Motion to Set Aside Order of Dismissal by the trial court was an error of law because he had taken steps in prosecution or defense of the suit between February 2, 2005 and February 2, 2008. Plaintiff specifies that he introduced the following documents as evidence of steps taken in prosecution of the case at the hearing for his motion: A) correspondence dated February 16, 2005 from Defendants, in which Defense counsel advised that an
 
 Ex\fíParte
 
 Motion to Compel Discovery was set for February 23, 2005; B) correspondence dated April 12, 2005 from Defendants, in which Defense counsel advised that a discovery hearing intended to be set for April 13, 2005 had been continued without date; C) responses to Defendants’ discovery by Plaintiff served by mail upon Defendants on May 18, 2005 with the certificate of service signed by undersigned counsel
 
 [2]
 
 ; D) draft responses for discovery from Plaintiff faxed to Plaintiffs counsel on March 2, 2005 from which the formal responses served upon Defendants were prepared; E) the cover letter
 
 [3]
 
 signed by Plaintiffs counsel transmitting the discovery responses; and, F) an affidavit by Plaintiffs counsel.
 

 We will now evaluate each of the documents submitted by Plaintiff as proof of interruption of abandonment.
 

 Discovery Responses and Affidavit
 

 Plaintiff submitted two copies of the responses to Defendants’ discovery re
 
 *970
 
 quests, one signed and one unsigned. The unsigned copy of the responses was submitted with the original memorandum in support of the Motion to Set Aside Order of Dismissal. Defendants raised the argument in their opposition memorandum that unsigned copies of the responses could not be constituted as a step in the prosecution of the litigation. Subsequently, Plaintiff filed a supplemental memorandum whereby he submitted a copy of the signed discovery responses. In Plaintiff’s Response to Defendants’ Opposition to Motion to Set Aside Order of Dismissal, Plaintiff submitted an affidavit by Plaintiffs counsel verifying that he entrusted the physical mailing of the responses to the U.S. Postal 17Service and his clerical assistant, and he was unable to locate his pre-Hurricane Katrina secretary.
 

 Every discovery response made by a party represented by an attorney shall be signed by at least one attorney of record in his individual name.
 
 See
 
 LSA-C.C.P. art. 1420(A). If the discovery response is not signed, it shall be stricken, and the opposing party shall not be obligated to take any action with respect to the response.
 
 See
 
 LSA-C.C.P. art. 1420(C).
 

 The burden rests on the party attacking the service of process to establish the lack of service by clear and convincing evidence and not by a mere preponderance of the evidence.
 
 Fanguy v. Pumilia,
 
 498 So.2d 71, 73 (La.App. 5 Cir.1986),
 
 citing Canterberry v. Slade Brothers,
 
 232 La. 1081, 96 So.2d 4 (La.1957).
 

 Because the original copy of the discovery responses was unsigned by Plaintiffs counsel, it was null and void and could not be used as evidence of mail service to Defendants. The signed copy of the discovery responses subsequently submitted by Plaintiff would have been sufficient to serve as proof of mailing, absent the accompanying affidavit of Plaintiffs counsel. The affidavit that was submitted provided clear and convincing evidence that Plaintiffs counsel did not physically mail discovery responses to Defendants. As a result, Plaintiff rebutted his own certificate of service. Therefore, we find that the neither the unsigned copy nor the signed copy of discovery responses interrupted abandonment of the case.
 

 Draft, Responses from Plaintiff
 

 Plaintiff submitted draft responses to Defendants’ discovery request from which the formal responses were drafted as evidence of the interruption of abandonment. These responses in no way serve as an interruption of abandonment because they were not alleged to have been served on Defendants.
 

 [
 
 aCorrespondences from Defendant
 

 Plaintiff submitted a facsimile dated February 16, 2005 from Defense counsel advising that an
 
 Ex Parte
 
 Motion to Compel Discovery was set for February 23, 2005, another facsimile dated April 12, 2005 from Defense counsel advising Plaintiff that a discovery hearing intended to be set for April 13, 2005 had been continued without date, and a cover letter signed by Plaintiffs counsel transmitting discovery responses.
 

 The service of informal correspondence which does not facilitate the judicial resolution of the dispute on the merits cannot be construed as formal discovery and is insufficient to prevent abandonment or interruption of prescription in relationship to LSA-C.C.P. art. 561.
 
 See Alexander v. Liberty Terrace Subdivision, Inc.,
 
 99-2171 (La.App. 4 Cir. 4/12/00); 761 So.2d 62, 65.
 

 It is the qualitative effect of the steps taken by a defendant which must be considered in a case-by-ease approach to determine whether the defendant has waived abandonment.
 
 Bell v. Kreider,
 
 04-
 
 *971
 
 594 (La.App. 5 Cir. 11/30/04); 890 So.2d 648, 651,
 
 citing Gallagher v. Cook,
 
 34,158 (La.App. 2 Cir. 12/15/00); 775 So.2d 79, 83. Steps which have facilitated judicial resolution of the dispute on the merits and which could be construed as an expression of a defendant’s willingness or consent to achieve judicial resolution of the dispute are legally operative to preclude him from raising the claim of abandonment.
 
 Id.
 

 There are two jurisprudential exceptions to the abandonment rule: 1) a plaintiff-oriented exception, based on
 
 contra non valentem,
 
 that applies when failure to prosecute is caused by circumstances beyond the plaintiffs control; and, 2) a defense-oriented exception, based on acknowledgment, that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned.
 
 Lion InvestBanc Corp. v. River
 
 Products,
 
 Inc.,
 
 02-481 (La.App. 5 Cir. 10/29/02); 831 So.2d 500, 502
 
 citing Clark,
 
 00-3010, 785 So.2d at 784-785.
 

 Of the correspondences submitted, we do not consider the April 12, 2005 facsimile or the cover letter to be sufficient evidence to interrupt abandonment. However, the facsimile dated February 16, 2005 can be distinguished from the other informal correspondences. The February 16, 2005 facsimile from Defense counsel, when viewed in conjunction with the
 
 Ex Parte
 
 Motion to Set Motion to Compel for Hearing and Incorporated Request for Expedited Consideration filed by Defendants on February 2, 2005, was a step in the defense of the suit. This facsimile facilitates judicial resolution of the Motion to Compel on the merits which expresses Defendants’ willingness to achieve judicial resolution. As a result, we find that the February 16, 2005 facsimile interrupted abandonment. Because of this step, we find that the abandonment period commenced on February 16, 2005, not February 2, 2005 as asserted by Defendants.
 

 Extrinsic Evidence and Denial of Motion for New Trial
 

 Plaintiff alleges that the trial eourt erred in failing to consider the extrinsic evidence introduced at the hearings
 
 [4]
 
 , and by ignoring the affidavit of Sue A. Robichaux (Ms. Robichaux), it failed to consider newly discovered evidence submitted in support of Plaintiffs Motion for New Trial. The affidavit of Ms. Robi-chaux, the pre-Hurricane Katrina secretary for Plaintiffs counsel, verified that she vividly recollected mailing the discovery responses to Defendants on May 18, 2005.
 

 From review of the record, the trial court denied the Motion for New Trial without providing written or reasons for the judgment. As a result, it is unclear to this Court as to whether the trial court considered the affidavit of Ms. Robichaux. | ipHowever, we will address the issue as to whether the affidavit of Ms. Robichaux was newly-discovered evidence warranting a new trial.
 

 Granting or denying a motion for new trial rests within the wide discretion of the trial court, and its determination shall not be disturbed absent an abuse of that discretion.
 
 Gereighty v. Fox,
 
 09-395 (La.App. 5 Cir. 11/24/09); 28 So.3d 1143
 
 citing Engolia v. Allain,
 
 625 So.2d 723, 729 (La.App. 1 Cir.1993).
 

 A motion for new trial on the basis of newly-discovered evidence should be
 
 *972
 
 granted if the movant proves the following: 1) that the evidence was discovered after the trial, 2) that the new evidence is not cumulative, 3) that the new evidence would tend to change the result of the case, and 4) that the new evidence could not have been discovered, with due diligence before the trial was completed.
 
 Odom v. Phillips,
 
 06-1634 (La.App. 4 Cir. 1/9/08); , 33 So.3d 178, 2008 WL 240272
 
 citing Harris v. Orleans Parish School Board,
 
 97-0724 (La.App. 4 Cir. 1/28/98); 706 So.2d 223, 225.
 

 Here, Plaintiff’s counsel argues that Ms. Robichaux’s affidavit is newly-discovered evidence because she could not be found prior to the trial on the motion to set aside, which was partially due to his medical condition that interferes with his ability to use a computer. Plaintiffs counsel avers that he had lost his records during Hurricane Katrina and had searched the Yellow Pages and the White Pages to no avail. He was finally able to locate Ms. Robi-chaux’s address through his certified public accountant (CPA). Plaintiffs counsel further avers that he was able to locate a telephone number for Ms. Robichaux following a search by his secretary from the address provided by the CPA.
 

 After consideration of Plaintiffs counsel’s medical condition and all of the efforts made to locate Ms. Robichaux, we find that due diligence was not | ^sufficiently used to locate her. A copy of the August 2007-August 2008 “The Real White Pages” telephone book was submitted that listed Ms. Robichaux’s correct address. The trial on the motion to set aside was heard on July 24, 2008. The information that was provided to Plaintiffs counsel by his CPA could have been located prior to the trial for the motion to set aside. Therefore, we do not find that the affidavit of Ms. Robichaux was not newly-discovered evidence warranting a new trial. Additionally, we do not find that the trial court erred in denying Plaintiffs Motion for New Trial.
 

 CONCLUSION
 

 For the foregoing reasons, we find that the abandonment period commenced on February 16, 2005. Additionally, we find that the case was abandoned on February 16, 2008, due to the lack of steps in prosecution or defense of the case. The judgment dismissing the case was signed on March 4, 2008, and by that time, abandonment had occurred by operation of law. The judgments of the trial court are affirmed. Appellant is to bear the costs of this appeal.
 

 AFFIRMED.
 

 . These issues are being discussed together because they are interrelated.
 

 [2]
 

 . Plaintiff submitted the signed copies of the responses to Defendants' discovery request in a supplemental memorandum in support of his Motion to Set Aside Order of Dismissal. The copy of the responses to Defendants' discovery request and the certificate of service submitted with his original memorandum were unsigned by Plaintiff's counsel.
 

 [3]
 

 .The cover letter was dated March 18, 2005.
 

 [4]
 

 . The other extrinsic evidence referred to by Plaintiff have already been addressed in this opinion.