ROBERT M. MURPHY, Judge.
| gPlaintiff-appellant, Kevin Lewis (“Plaintiff’), appeals from the trial court’s judgment denying his motion to vacate the ex parte judgment of dismissal for abandonment of his claims against Defendant-appellee, Digital Cable and Communications, Inc. (“Digital Cable”), as well as the trial court’s ex parte judgment dismissing his claims for abandonment. For the reasons that follow, we affirm both judgments of the trial court.
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
On October 8, 2008, Plaintiff, who was employed by Digital Cable, filed a petition against Digital Cable seeking damages for injuries he sustained as a result of Digital Cable’s alleged tortious conduct.
On November 17, 2009, the trial court entered an order of preliminary default against Digital Cable, pursuant to Plaintiffs motion. Nearly five years later, on September 16,2014, Plaintiff filed a motion for confirmation of default judgment. The trial court set a hearing on this motion for October 20, 2014. Yet, prior to the hearing, on October 16, 2014, Digital Cable filed an ex parte motion Rand order of dismissal for abandonment, wherein Digital Cable asserted that it was entitled to an ex parte order of dismissal pursuant to La. C.C.P. art. 561 because more than three years had lapsed since the date of the last step in the prosecution of the action — the November 17, 2009 order of preliminary default against Digital Cable. Plaintiff filed an opposition to Digital Cable’s motion to dismiss for abandonment, wherein he argued that abandonment was interrupted by the service of a notice of deposition of his treating physician on November 28; 2011.
In support of this argument, Plaintiff attached to his opposition a copy of a letter dated November 24, 2011 from his treating physician, Dr. Godwin Ogbuokiri, to his counsel confirming a deposition date and including an affidavit executed by Dr. Og-buokiri. Plaintiff also attached a copy of a notice of deposition addressed to Dr. Og-buokiri, with an accompanying certificate of service, stating that “a copy of the foregoing pleading/discovery was served upon all counsel of record and/or parties by placing same in United States Mail, properly addressed with postage prepaid, and/or by facsimile or hand-delivery, this 28th day of November, 2011.”
At the motion hearing on November 5, 2014, Digital Cable argued that the November 28, 2011 notice of deposition addressed to Dr. Ogbuokiri did not serve to interrupt the abandonment period because the certificate of service was not authenticated, and thus, was inadequate proof that the notice of deposition had in fact been served on all parties, in accordance with Article 561. The trial court disagreed and denied Digital Cable’s motion to dismiss.
Following that ruling, Digital Cable filed a timely writ application with this Court. Based upon the Louisiana Supreme Court’s opinion in Dunn v. City of Kenner, 09-1108 (La.9/18/09), 17 So.3d 400, this Court held that because the copy of the certificate of service attached to the notice of deposition was neither | introduced into evidence, nor authenticated at the November 5, 2014 hearing, there was inadequate proof that the notice of deposition was served on all parties, as required by Article 561. Lewis v. Digital Cable and Communications, Inc., 14-C-926 (La.App. 5 Cir. 12/18/14) (unpublished writ disposition). Accordingly, this Court granted Digital Cable’s writ application, vacated the *843 trial court’s denial of Digital Cable’s motion to dismiss, and remanded the matter for further proceedings. Id.
Subsequently, Digital Cable re-urged its ex parte order seeking a dismissal of Plaintiffs claims for abandonment, which the trial court signed on January 13, 2015. In response, Plaintiff filed a motion to vacate the ex parte order of dismissal for abandonment. The trial court set Plaintiffs motion to vacate for hearing on March 2, 2015.
At the March 2, 2015 motion hearing, Plaintiff again argued that the abandonment period was interrupted on November 28, 2011, when Plaintiff served a notice of deposition of Dr.'Ogbuokiri on all parties. In support of this argument, Plaintiff offered the testimony of his counsel of record, Pius Obioha, to authenticate the November 28, 2011 certificate of service attached to the notice of deposition addressed to Dr. Ogbuokiri.
IsMr. Obioha testified that the copy of the notice' of deposition and the accompanying certificate of service that Plaintiff was relying on, was sent to him via facsimile from Dr. Ogbuokiri’s office on October 18, 2014, after he learned that “somebody in [his] office may have forgot to — forgotten to make .a copy for the file.” When asked by the trial court to respond definitively as to whether he was able to find a copy of the notice of deposition and certificate of service in his office, Mr. Obioha testified that, “[w]e didn’t really look all over the place for it.”
Mr. Obioha further testified that he signed the notice of deposition and the certificate of service on November 28, 2011, with his signature ’ stamp, and that’ the notice of deposition was mailed to Dr. Ogbuokiri and to Digital Cable’s agent for service of process, “CT Corporation,” on that same date. When asked on cross-examination about the mailing of the notice of deposition, Mr. Obioha testified that he remembered personally going to the post office on November 28, 2011 and mailing the notice of deposition to both Dr. Og-buokiri and to Digital Cable’s agent for service of process, “CT Corporation.” Mr. Obioha admitted that the deposition of Dr. Ogbuokiri was-never taken in this case.
At the conclusion of the .hearing, the trial court admitted the notice of deposition into evidence, but denied Plaintiffs motion to vacate the ex parte order of dismissal, finding that Plaintiff had failed to carry his burden under Article 561. On March 18,- '2015, the trial court signed a judgment denying Plaintiffs motion to vacate.' On that same date, the trial court also issued separate reasons for judgment, wherein it found that without the certificate of service having' been “entered and authenticated”' by Plaintiff at the March 2, 2015 hearing, as set forth by this Court’s prior writ disposition, it had no choice but to uphold its prior order of dismissal for abandonment and denied Plaintiffs motion to vacate. Plaintiffs appeal now follows.
LAW AND DISCUSSION
On appeal, Plaintiff contends that the trial court erred in denying his motion to vacate the ex parte order of dismissal for abandonment. Specifically, Plaintiff claims that the trial court erred in finding that he failed to enter and authenticate the November 28, 2011 certificate of service at the March 2, 2015 hearing. As a result, Plaintiff contends that the trial coürt erred in dismissing his case as abandoned.
| fiThe controlling statutory provision in this case is La. C.C.P. art. 561. Article 561 provides that an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. Abandonment -is self-executing; it occurs *844 automatically upon the passing of. three years without a step being taken by either party, and it is effective without court order. Giovingo v. Dunn, 11-781 (La. App. 5 Cir. 3/13/12), 90 So.3d 1098, 1101, writ denied, 12-0831 (La.5/25/12), 90 So.Sd 418. Once abandonment has occurred, action by the plaintiff cannot breathe new life into the suit. Clark v. State Farm Mut. Auto. Ins. Co., 00-3010 (La.5/15/01), 785 So.2d 779, 789.
In Clark v. State Farm Mut. Auto. Ins. Co., the Louisiana Supreme Court held that Article 561 has been construed, as imposing three requirements on, plaintiffs: (1) a party take some “step” in the prosecution or defense of the action; (2) the step must be.taken in the proceeding and, with the exception .of formal discovery, must appear in.the record of the. suit; and (3) the step must be taken within three years of the last step taken, by either party. Id. at 784. A “step” in the prosecution or defense is defined as taking formal action before the court -which is intended to hasten the matter to judgment, or the taking of a deposition with or without formal notice. Id. Under La. C.C.P. art. 561(B), “[a]ny formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking’of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or défense of an action.” (emphasis added).
Whether or not a step, in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to manifest error analysis on appeal.- Florreich v. Entergy Corp., 09-414 (La.App. 5 Cir. 2/23/10), 32 So.3d 965, 969, writ denied, 10-1057 (La,9/3/10), 44 So.3d 691 (citing Dunn v.City of Earner, 08-378 (La.App. 5 Cir. 3/26/09), 11 So.3d 1115, 1117, rev’d on I gather groimds, 09-1108 (La.9/18/09), 17 So.3d 400). Under. the manifest error standard of i-eview, in order to reverse a fact finder’s determination of fact, an appellate court must review the record in its entirety and (1) find that a -reasonable factual basis does not exist for the finding, and (2)- further determine that the. record establishes that the fact finder is clearly wrong- or manifestly erroneous. Salvant v. State, 05-2126 .(La.7/6/06), 935 So.2d 646, 650. When findings are based on determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the trier of fact’s findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Rosdl v. ESCO, 549 So.2d 840, 844 (La.1989).
In Dunn v. City of Kenner, 09-1108 (La.9/18/09), 17 So.Sd 400, the Louisiana Supreme Court reversed a decision by this Gourt, which held that the trial court erred in dismissing, the plaintiffs case as abandoned because the plaintiff produced a photocopy - of a certificate of service attached to a discovery request which was allegedly served upon the defendant by the plaintiff. In reversing this Court’s -decision, the Supreme Court emphasized that the certificate of service at issue was not properly introduced, into evidence or authenticated. M Accordingly, the Court held that a certificate of service attached to a discovery request that is neither introduced into evidence nor authenticated or otherwise supported by testimony is not adequate proof that service was made on all parties for purposes of interrupting abandonment under Article 561. Id.
In the instant case, Plaintiff contends that the trial court erred in dismissing his case for abandonment because he took a step in the prosecution of his case on November 28, 2011 — which was within *845 three years of the last step taken on the record on November 17, 2009. Specifically, he argues that the November 28, 2011 _|¿certificate of- service attached to the notice of deposition addressed to Dr. Og-buokiri, establishes that he served discovery on all parties on that date, as set forth in Article 561.
Our review of the record shows that during the March 2, 2015 hearing of his motion to vacate the order of dismissal, Plaintiff offered into evidence the same copy of the certificate of service attached to thé notice of deposition that he failed to offer into evidence during the November 5, 2014 hearing of Digital Cable’s ex pwrte motion to dismiss for abandonment. The copy of the notice of deposition is addressed only to Dr. Ogbuokiri, and does not reference Digital Cable or its agent for service of process,- The certificate of service attached to the notice of deposition does not specify who was served with the notice of deposition, or by what means it was served upon them. Instead, the certificate of service provides that the notice “was served upon all counsel of record cmd/or parties by placing same in United States Mail, properly addressed with postage prepaid, wnd/or by facsimile or hand-delivery, this 28th day of November, 2011.” (emphasis added).
In an effort to authenticate the certificate of service as proof of service by mail on Digital Cable, Plaintiff relied solely on' the testimony of his attorney, Mr. Obioha. Mr. Obioha testified that he recalled going to the post office over three years earlier and mailing two notices of deposition in this case — one to Dr. Ogbuokiri, and one to Digital Cable’s agent for. service of process-on November 28, 2011. On cross-examination, our review shows that Mr. Obioha gave several unresponsive answers, prompting the trial court to intervene. Although the trial court permitted Plaintiff to offer the notice of deposition and certificate of service into evidence, our review shows that in determining whether the certificate of service constituted a step in the prosecution of the case, the -trial court ultimately concluded that Plaintiff failed to properly authenticate the certificate of service as laproof that he in fact served the notice of deposition on Digital Cable on November 28, 2011;' We find no error in the trial court’s finding.
Under a plain reading of Article 561(B), formal discovery that is not served on all parties does not constitute a step in the prosecution of an action., See Guillory v. Pelican Real Estate, Inc., 14-1539 (La.3/17/15), 165 So.8d 875, 877 (citing La. C.C.P. art. 561(B)). As set forth in Dunn, supra, we reiterate that a photocopy of a certificate of service attached to a discovery request that is not properly authenticated or supported ¡by testimony is not adequate proof that service of discovery was made on all parties for purposes of interrupting abandonment- under Article 561. Given the great deference owed to the trial court’s factual findings' based upon credibility of witnesses, and based upon our review of the record in its entirety, we find no manifest error in .the trial court’s finding‘that Mr. Obioha’s testimony failed to properly authenticate the certificate of service at issue as proof that Plaintiff served the notice of deposition upon Digital Cable for purposes of interrupting abandonment under Article 561. Consequently, we find . no - error in the trial court’s determination - that Plaintiffs ease had abandoned on November 17, 2012 because no formal step in the prosecution of the case had occurred for three years.
CONCLUSION
Accordingly, and for the foregoing reasons, we affirm the tidal court’s judgment denying Plaintiffs motion to vacate the ex *846 parte order of dismissal of Plaintiffs claims for abandonment, and the trial court’s ex parte judgment dismissing Plaintiffs claims for abandonment. All costs of this appeal are assessed against Plaintiff.
AFFIRMED