SIMONNE ST. PE

VERSUS

ROTO-ROOTER SERVICES COMPANY,
TONY GAGLIANO, JR., AND OLD REPUBLIC
INSURANCE COMPANY

NO. 25-C-299

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 808-157, DIVISION "C"
HONORABLE JUNE B. DARENSBURG, JUDGE PRESIDING


August 13, 2025


**STEPHEN J. WINDHORST**
**JUDGE**


Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and E. Adrian Adams, Pro Tempore


**WRIT DENIED**
   **SJW**
   **SMC**
   **EAA**


FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Waquin
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/RELATOR,
ROTO-ROOTER SERVICES COMPANY, TONY GAGLIANO, JR., AND OLD
REPUBLIC INSURANCE COMPANY
    Donald E. McKay, Jr.
    Jeffrey C. Brennan
    Mason C. Bonnaffons
    Leila A. D'Aquin

COUNSEL FOR PLAINTIFF/RESPONDENT,
SIMONNE ST. PE
    Jerry W. Sullivan

**WINDHORST, J.**

Defendants/relators, Roto-Rooter Services Co., Tony Gagliano, Jr., and Old Republic Ins. Co., seek review of the trial court's June 9, 2025 judgment, which denied defendant's motion to dismiss on grounds of abandonment.

In their motion to dismiss, defendants asserted that the last step in the prosecution of this case was a deposition on February 4, 2022. In response, plaintiff asserted that defendants produced an expert during mediation on September 29, 2022, which constituted a step in the prosecution of the case. Plaintiffs filed a motion for status conference on April 2, 2025.

The issue presented is whether the production of an expert report during mediation constitutes a step in the prosecution of the case.

**LAW and ANALYSIS**

Under La. C.C.P. art 561 A(1), an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. To avoid abandonment, plaintiffs must take some "step" toward the prosecution of their lawsuit intended to hasten the suit toward judgment, or the taking of a deposition, with or without formal notice. Clark v. State Farm Mutual Automobile Ins. Co., 00-3010 (La. 5/15/01), 785 So.2d 779, 784. Id. The step must be taken in the proceeding and appear in the record of the suit, with the exception of formal discovery. Id. The step must also be taken within the legislatively prescribed time period, and sufficient action by *either* plaintiff or defendant will be deemed a step. Id.

Whether or not a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to manifest error analysis on appeal. Lewis v. Digital Cable & Commc'ns N., 15-345 (La. App. 5 Cir. 11/19/15), 179 So. 3d 840, 844, Florreich v. Entergy Corp., 09–414 (La. App. 5 Cir. 2/23/10), 32 So.3d 965, 969, writ denied, 10-1057 (La.9/3/10), 44 So.3d 691. Louisiana

jurisprudence has uniformly held that La. C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiff's suit. Clark, 785 So.2d at 785. Abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned. Id. at 786. Moreover, given that dismissal is the harshest of remedies, the general rule is that "any reasonable doubt [about abandonment] should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment." Id. at 787, quoting Young v. Laborde, 576 So.2d 551, 552 (La. App. 4 Cir. 1991).

Under La. C.C.P. art. 561B, "[a]ny formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action." Lewis, 179 So.3d at 844. La. C.C.P art. 1474 C(4) states that "The serving of any discovery materials pursuant to the provisions of this Article shall be considered a step in the prosecution or defense of an action for purposes of Article 561, notwithstanding that such discovery materials are not filed in the record of the proceedings."

***Production of Expert Report at Mediation***

On the showing made, we cannot say the trial court was manifestly erroneous in denying defendants' motion to dismiss considering defendants produced an expert report September 29, 2022. In plaintiff's interrogatories and request for production of documents, plaintiff requested information regarding whether defendants had retained an expert and documents and reports related to the expert's review of the case. Defendants initially responded that no experts had been retained. Defendants reserved the right to supplement and amend their responses. In fact, defendants had an ongoing duty to supplement their responses under La. C.C.P. art. 1428. We therefore find that the production of the expert report constituted a step in the prosecution of the case.

Defendants argue that because the production was made during mediation it does not constitute a step in the prosecution of the case under La. R.S. 9:4112 A. Section A of this statute states "all oral and written communications and records made during mediation, whether or not conducted under this Chapter and whether before or after the institution of formal judicial proceedings, are not subject to disclosure, and may not be used as evidence in any judicial or administrative proceeding." Section C, however, states:

> C. The confidentiality provisions of this Section do not extend to statements, materials and other tangible evidence, or communications that are *otherwise subject to discovery* or are otherwise admissible, merely because they were presented in the course of mediation, if they are based on proof independent of any communication or record made in mediation. [Emphasis added.]

Here, defendants had an ongoing obligation, independent of any communication in mediation, to supplement their responses to plaintiff's interrogatories and requests for production of documents. Defendants' required supplemental responses were provided independent of the mediation.

An expert report can clearly have a substantial impact on a case. Defendants' use of an expert report requires production to plaintiff where plaintiff has issued discovery requests relative thereto, defendants have responded in the negative, and reserved their right to supplement. This obligation to supplement responses was an ongoing obligation which had continued uninterrupted since the discovery had been propounded.

***Timing of Production of the Expert's Report***

Relators do not specifically argue the timing of production of the expert's report as a reason the report cannot interrupt the three-year abandonment period, *i.e.*, that production of the expert report came *after* the date that the rebuttable presumption[1] of abandonment began on February 4, 2025. However, because

---

[1] Presumption of abandonment due to three years of inactivity is not conclusive. <u>Clark</u>, 785 So.2d at 787.

relators emphatically argue that abandonment is self-activating, and contend that no step in the prosecution of the case occurred *before* the three-year period lapsed, we address that issue to the extent that it is implicated by section "C" of the writ application.

The Louisiana Supreme Court in Clark, *supra*, made clear that where there is an interruption or waiver of abandonment occurring as a result of a "definite action" of the defendant, the timing (whether during or after the abandonment period) is irrelevant. The court in Clark stated:

> *Timing of Defendant's Actions Constituting a Waiver*
>
> An inherent distinction has been noted between a plaintiff's acts in relation to abandonment and those of a defendant. Unlike a plaintiff whose post-abandonment actions cannot serve to revive an abandoned action, ***a defendant's post-abandonment actions can serve to waive his right to plead abandonment.*** "Once abandonment has occurred, action by the plaintiff cannot breathe new life into the suit." *Maraist & Lemmon, supra* § 10.4 at 243. "No 'definite action' by a plaintiff or inaction by a defendant *after* accrual of the [three-]year period can be construed as a waiver of abandonment by the defendant, although a defendant by 'definite action' may waive the abandonment." Middleton, 526 So.2d at 860. That a defendant's conduct occurred before the abandonment period elapsed as opposed to after is thus a distinction without a difference.
>
> The timing of a defendant's conduct cannot logically be construed as altering its character insofar as whether it is sufficient to constitute a waiver of the right to plead abandonment. Logic dictates that the same standard for determining if action of the defendant results in waiver and thereby an ***interruption of abandonment should apply regardless of whether the conduct occurred before or after the abandonment period elapsed***.
> [Internal emphasis added; heading as in original.]
>
> Clark, 785 So.2d at 789.

We conclude that the timing and circumstances of the tender of the expert report on September 29, 2022 in the instant case was a "definite action" by defendants, similar to and as contemplated in Clark. Therefore, the timing of it is irrelevant.

**CONCLUSION**

For these reasons, we find that the trial court's denial of defendants' motion to dismiss on grounds of abandonment was not erroneous. This result is consistent with the doctrine that La. C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiff's suit, and that abandonment is not meant to dismiss actions on mere technicalities. Clark, 785 So.2d at 785-86.

Based on the circumstances presented and applicable law, we find no error in the trial court's denial of defendants' motion to dismiss. We therefore deny this writ.

**WRIT DENIED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **AUGUST 13, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-C-299**

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JUNE B. DARENSBURG (DISTRICT JUDGE)
JEFFREY C. BRENNAN (RELATOR)          LEILA A. D'AQUIN (RELATOR)          JERRY W. SULLIVAN (RESPONDENT)

### MAILED

DONALD E. MCKAY, JR. (RELATOR)
MASON C. BONNAFFONS (RELATOR)
ATTORNEY AT LAW
1100 POYDRAS STREET
SUITE 1700
NEW ORLEANS, LA 70163