DAVID TRAN                                    NO. 24-CA-590

VERSUS                                        FIFTH CIRCUIT

GREG CHAMPAGNE, ET AL                         COURT OF APPEAL

                                              STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT
PARISH OF ST. CHARLES, STATE OF LOUISIANA
NO. 85,403, DIVISION "C"
HONORABLE CONNIE M. AUCOIN, JUDGE PRESIDING


September 24, 2025


**SUSAN M. CHEHARDY**
**CHIEF JUDGE**


Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and John J. Molaison, Jr.


**AFFIRMED**
   **SMC**
   **SJW**
   **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

PLAINTIFF/APPELLANT,
DAVID TRAN
    In Proper Person

COUNSEL FOR DEFENDANT/APPELLEE,
GREG CHAMPAGNE, IN HIS OFFICIAL CAPACITY AS SHERIFF OF ST.
CHARLES PARISH
    Steven M. Mauterer

**CHEHARDY, C.J.**

Plaintiff-appellant, David Tran, appeals the trial court's judgment finding his lawsuit abandoned, as well as the judgment denying his motion to vacate the judgment of abandonment. For the reasons that follow, we affirm the trial court's rulings.

*Facts and Procedural History*

On November 7, 2018, Mr. Tran filed suit against a number of parties for personal injuries he allegedly sustained at the Nelson Coleman Correctional Center. Mr. Tran, now incarcerated, named a number of defendants, including Sheriff Greg Champagne. Sheriff Champagne, in his official capacity as the Sheriff for St. Charles Parish, is the only remaining defendant in this matter. All other defendants were dismissed via exceptions of no cause of action.

On November 19, 2019, Mr. Tran filed an amended petition, again naming Greg Champagne as a defendant. The exceptions hearing was set for January 14, 2020, but the hearing was reset after Mr. Tran's counsel withdrew from representation. On February 20, 2020, at the conclusion of the hearing at which Mr. Tran appeared *pro se* via video, the trial court determined that Mr. Tran's cause of action against Sheriff Champagne (in his official capacity) may proceed "as it pertains to negligence."[1]

On April 17, 2020, Sheriff Champagne filed another exception of no cause of action and a motion to set for an October 5, 2020 hearing, but that hearing did

---

[1] The record indicates that Mr. Tran complained that he attempted to file a motion to continue the February 20, 2020 hearing on the basis that he had not yet retained new counsel, but the clerk of court returned the motion for lack of service instructions. Moreover, the Sheriff never received notice of the attempted filing. Thus, the February 20, 2020 hearing went forward. However, the record contains a copy of Mr. Tran's "Judicial Notice," clocked in on February 28, 2020, asking the Court to include in the record a copy of his Motion to Continue the February 20, 2020 Hearing, and a copy of Mr. Tran's February 20, 2020 motion is included in the record therewith, yet the corresponding Order to Mr. Tran's "Judicial Notice" was denied by Judge Connie Aucoin on August 28, 2024, noting that Mr. Tran's motion to continue had been denied in open court before the February 20, 2020 hearing.

not go forward. Sheriff Champagne further states in his brief that on May 21 (or May 27), 2021, he filed yet another motion to set his exception of no cause of action.[2] The Sheriff contends that since May 27, 2021, no further action in, or prosecution of, this case occurred until June 28, 2024, when the Sheriff filed a Motion to Dismiss for Abandonment.

The trial court granted the Motion to Dismiss on July 23, 2024. On September 18, 2024, Mr. Tran filed a motion to vacate the judgment of abandonment, which the trial court denied on September 23, 2024, finding that the last step in furtherance of the case was taken on May 27, 2021, and thus the matter was abandoned as a matter of law on May 27, 2024.[3]

Mr. Tran now appeals that ruling. He argues that his June 12, 2022 and October 27, 2022 letters to the Clerk of Court, both of which requested information regarding the status of his case, are sufficient steps to interrupt the three-year period of abandonment.[4] He contends that this correspondence evidences his "consistent intent to prosecute the case," especially considering that he is incarcerated and is representing himself. Furthermore, he argues that abandonment is the harshest of remedies, thus La. C.C.P. art. 561 should be construed in favor of

---

[2] The record contains the Sheriff's Motion to Set Exception of No Cause of Action with counsel's certificate of service dated "October 1, 2020." The Motion indicates that the Clerk's Office "Received from Judge's Office Div. D Law Clerk Storage" the Motion on July 29, *2024*, indicating that the Motion was never made part of the official record before that time. The Order attached to the Motion, which Judge Connie Aucoin signed on August 28, 2024, denied the motion as moot and referred to the "Dismissal Order of 7/23/24." The Clerk of Court certified that a copy of the Order was mailed to all counsel of record on August 29, 2024. According to a Clerk of Court Memorandum dated August 20, 2024 and filed in the record (R. 148), a number of original pleadings were stored in the Division D Law Clerk's Storage but not filed in the official record until the pleadings were discovered in July/August 2024. Judge Aucoin denied any outstanding motions as moot, based on the July 23, 2024 Order dismissing the case as abandoned.

[3] The trial Court's September 23, 2024 Order denying the motion to vacate noted in a footnote that the Sheriff's Exception of No Cause of Action "was never set for hearing by Judge Lauren Lemmon (who presided over the case until her retirement on January 6, 2024) or her successor, Judge Rochelle Fahrig (who presided over the case until her Recusal filed on July 18, 2024)."

[4] The October 27, 2022 letter does not appear in the official record of this matter but was attached to Mr. Tran's appellate briefs. The June 12, 2022 letter evidently was part of the tranche of documents located in the Division D Law Clerk's Storage in July 2024, but it was not filed in the record until July 29, 2024.

maintaining his suit. Mr. Tran argues that his October 27, 2022 letter, when properly considered a "step" in the prosecution of his case, renders the district court's judgment of abandonment premature, and the district court's denial of his motion to vacate that judgment erroneous.

On the other hand, Sheriff Champagne argues that Mr. Tran's letters are not "steps" taken in furtherance of the prosecution of the case. The letters were not a formal action before the court, were not served on opposing counsel, were not formal discovery, and did not move the matter toward judgment. As such, Sheriff Champagne contends the trial court's judgment that the case was abandoned, and its ruling denying Mr. Tran's motion to vacate the judgment of abandonment, should be affirmed.

*Discussion*

The single issue before this Court is whether Mr. Tran's letters to the Clerk of Court sent in 2022 constitute sufficient "steps" in furtherance of his claim to render the trial court's judgment of abandonment premature. Whether a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to manifest error analysis on appeal. *Lewis v. Digital Cable & Commc'ns N.*, 15-345 (La. App. 5 Cir. 11/19/15), 179 So.3d 840, 844. But whether a particular act, if proven, interrupts abandonment is a question of law that we examine by determining whether the trial court's conclusion is legally correct. *Bufkin v. Motwani*, 24-272 (La. App. 5 Cir. 2/19/25), 406 So.3d 629, 632. We find the letters at issue are insufficient to interrupt abandonment under La. C.C.P. art. 561.

First, we note that Mr. Tran made no reference to the two 2022 letters he sent to the Clerk of Court in his motion to vacate the judgment of abandonment filed in the trial court. Courts of Appeal, including this Court, do not entertain arguments raised for the first time on appeal. *Boudreaux v. Jackson*, 24-440 (La.

App. 5 Cir. 4/9/25), 412 So.3d 1115, 1118 (citing Uniform Rules—Courts of Appeal, Rule 1-3). Second, even if Mr. Tran had raised this issue in the trial court, the October 27, 2022 letter was not made part of the record in this matter, and it does not appear that either letter was ever served on the defendant. *See*, *e.g.*, *Lewis*, 179 So.3d at 845 (finding discovery that was not served on all parties does not constitute a step in the prosecution of an action).

Third, even if Mr. Tran's letters had been served on defendant, we find they do not constitute a step in the prosecution of the lawsuit that is intended to hasten the suit toward judgment, as required by La. C.C.P. art 561. Under La. C.C.P. art. 561 A(1), an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. To avoid abandonment, a plaintiff must take some "step" toward the prosecution of his lawsuit that is intended to hasten the suit toward judgment, or take a deposition, with or without formal notice. *Clark v. State Farm Mutual Automobile Ins. Co.*, 00-3010 (La. 5/15/01), 785 So.2d 779, 784; *Williams v. Montgomery*, 20-1120 (La. 5/13/21), 320 So.3d 1036, 1041. Sufficient action by either the plaintiff or the defendant will be deemed a step. *Id.* The "step" must be taken in the proceeding and appear in the record of the suit, with the exception of formal discovery. *Clark*, 785 So.2d at 784. The "step" also must be taken within the legislatively prescribed time period, and sufficient action by either plaintiff or defendant will be deemed a step. *Id.*

Abandonment takes place by operation of law, is self-executing, and is effective without court order. It occurs automatically upon the passing of three years without a step being taken by a party. *Cassilli v. Summerfield Apartments, LLC*, 21-261 (La. App. 5 Cir. 1/26/22), 336 So.3d 554, 556 (citing *First Bank & Tr. v. Proctor's Cove II, LLC*, 19-299 (La. App. 5 Cir. 12/30/19), 287 So.3d 888, 895).

Mr. Tran correctly states that La. C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiff's suit. *See Clark*, 785 So.2d at 785. Further, abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions that clearly have been abandoned. *Id.* at 786. Given that dismissal is the harshest of remedies, the general rule is that "any reasonable doubt [about abandonment] should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment." *Id.* at 787 (quoting *Young v. Laborde*, 576 So.2d 551, 552 (La. App. 4th Cir. 1991)).

While this Court is sympathetic to Mr. Tran's situation—attempting to pursue a civil claim as a *pro se* litigant during his incarceration—we nevertheless note that Mr. Tran had ample time to retain new counsel or otherwise pursue his claims against defendant. The law is clear that the necessary "step" must be one that advances the litigation, and Mr. Tran's general inquiries to the Clerk of Court in 2022, requesting a status update of his case, do not advance the litigation and are insufficient to interrupt abandonment.

Moreover, although certain pleadings and other documents were inadvertently retained in judicial chambers for some time before the Clerk of Court officially filed them into the record in 2024 (*see footnotes* 1, 2, and 3, *supra*, and R. 148), there is no evidence that any of these documents was submitted to the trial court for filing at a time that would have interrupted the three-year abandonment period. Indeed, other than Mr. Tran's June 12, 2022 letter (which we have determined does not constitute a step in the prosecution or defense of this case), the last submission is an undated motion to set hearing, which appears to be either the May 27, 2021 motion to set hearing to which the parties refer in their briefs, or an October 2020 motion to set for hearing. Either way, because that motion is the last official step taken in this matter, and because more than three years passed since it was filed, the matter was abandoned no later than May 27, 2024.

## DECREE

The trial court's July 23, 2024 judgment dismissing the matter as abandoned, and its September 23, 2024 judgment denying appellant's motion to vacate the judgment of dismissal, are affirmed.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**SEPTEMBER 24, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

## 24-CA-590

**E-NOTIFIED**
29TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE CONNIE M. AUCOIN (DISTRICT JUDGE)
STEVEN M. MAUTERER (APPELLEE)

**MAILED**
DAVID TRAN #71717-279 (APPELLANT)
SEAGOVILLE FEDERAL CORRECTIONAL
INSTITUTION
POST OFFICE BOX 9000
SEAGOVILLE, TX 75159