775 So.2d 79 (2000)
Dr. Patrick GALLAGHER, Plaintiff-Appellant,
v.
Dr. Douglas COOK, Dr. Clyde Elliott, Dr. Van Taliaferro and the Louisiana State Medical Society, Defendants-Appellees.
No. 34,158-CA.
Court of Appeal of Louisiana, Second Circuit.
December 15, 2000.
*80 Gregory J. Avery, Metairie, Counsel for Appellant.
Theus, Grisham, Davis & Leigh by David H. Nelson, Monroe, Counsel for Appellees.
Before NORRIS, C.J., and CARAWAY and DREW, JJ.
CARAWAY, J.
Plaintiff appeals a judgment of dismissal of his suit for abandonment, claiming that the defendants' participation in negotiations for mediation of the suit constituted a "step" in the litigation proceedings or a waiver. Finding that no formal step or waiver occurred, we affirm the trial court's ruling.

Facts
Patrick T. Gallagher, M.D. ("Gallagher") filed suit on May 10, 1991, alleging that he suffered harm from the collective negligent conduct of defendants, Douglas Cook, M.D. ("Cook"), Clyde Elliott, M.D. ("Elliott"), *81 Van Taliaferro, M.D. ("Taliaferro"), and the Louisiana State Medical Society ("LSMS"). Gallagher allegedly consented to inpatient treatment as part of the Impaired Physicians Program, operated under the auspices of LSMS. Drs. Cook, Elliott and Taliaferro, acting on behalf of the LSMS's Impaired Physicians Program, allegedly induced Gallagher's consent to his admission for inpatient treatment.
On July 2, 1991, defendants filed a dilatory exception of prematurity based on defendants' status as qualified healthcare providers. Defendants reasoned that plaintiff had asserted a potential medical malpractice claim, requiring a medical review panel to be convened. A hearing on this exception was never held. Subsequently, when plaintiff moved for trial on the merits in November, 1996, the trial court denied his motion based upon the exception never having been disposed of. Plaintiff noticed various depositions during each of four successive months from April through July, 1996.
On January 27, 1999, defendants' counsel filed a motion to enroll.[1] On January 14, 2000, defendants moved for dismissal based on abandonment under La. C.C.P. art. 561. An ex parte order of dismissal was signed that same day. On February 10, 2000, Gallagher filed a motion to vacate and set aside the trial court's judgment of dismissal. The supporting memorandum described what ongoing activities, allegedly sufficient to prevent abandonment, had occurred. These activities largely consisted of various correspondence concerning proposed mediation. Included among such correspondence was a transmittal letter to the Clerk of Court dated February 9, 1999, allegedly forwarding a second motion for trial. Gallagher's counsel was not present at the hearing on the motion to vacate. On March 22, 2000, the trial court denied the motion.

Discussion
An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. La. C.C.P. art. 561.[2] The rule implicates two competing policies. The prevention of protracted litigation, filed for purposes of harassment or without serious intent to hasten the claim to judgment, is balanced against the maintenance of an action whenever possible so as to afford an aggrieved party his day in court. Brister v. Manville Forest Products, 32,386 (La.App.2d Cir.12/15/99), 749 So.2d 881.
In keeping with the self-operative effect of the abandonment provision, our supreme court has said that formal action "before the court and on the record" is necessary for a "step" in the prosecution. Chevron v. Traigle, 436 So.2d 530, 532 (La.1983). "In this way, examination of the record will reveal the status of litigation with certainty and without resort to extrinsic evidence." Id.
The three-year period[3] designated by the legislature balances plaintiffs right to have his day in court as well as the right of the defendant to adequately defend himself. Willey v. Roberts, 95-1037 (La.App. 1st Cir.12/15/95), 664 So.2d 1371. Article 561 prescribes a method of enforcing a substantive right and is therefore *82 considered as a procedural rule of law. In 1997, the legislature intended the procedural change, shortening of the abandonment period from five to three years, to be applied retroactively. Bourgeois v. Veal, 99-0786 (La.5/7/99), 740 So.2d 1291; Coe v. State, Health Care Authority, 32,635 (La. App.2d Cir.2/1/00), 751 So.2d 432.
A party takes a step in the prosecution or defense of a suit when he takes formal action, before the court and on the record, intended to hasten the matter to judgment. Chevron Oil Co. v. Traigle, supra. In that case, plaintiff argued that correspondence filed in the record indicating extensive negotiations between the parties was sufficient to interrupt the tolling of the five-year abandonment period. In dicta, the court noted that ongoing negotiations did not prevent any counsel from taking some formal action (or step) in the trial court within the intent of La. C.C.P. art. 561.
In this case, Gallagher's counsel argues that the case has been seriously litigated and that at the height of the discovery process, defendants requested appellant's participation in mediation. He points out that substantial time was spent "orchestrating mediation," and that participation in alternative dispute resolution must be considered when calculating time for the purposes of abandonment under La. C.C.P. art. 561.
In Lizama v. Williams, 99-1040 (La. App. 5th Cir.3/22/00), 759 So.2d 865, plaintiff's petition was filed October 19, 1995. The defendant tendered a settlement check and documents on July 9, 1997. The check was never negotiated nor were the settlement documents executed. Defendant obtained an ex parte order dismissing the suit based on the running of the three-year abandonment period on December 21, 1998. Plaintiff then moved to set aside the judgment of dismissal. At the hearing, the trial court found that the record did not disclose a binding settlement but nevertheless ordered the parties to complete settlement negotiations within 90 days. On appeal, the court reversed the trial court's judgment, finding that it had impliedly vacated the judgment of dismissal for abandonment. It noted that the record did not disclose that any binding settlement was ever confected between the parties, the settlement documents were never signed by any party, and correspondence indicated only that the parties were considering settlement. Thus, there was no legally binding settlement and the three-year abandonment period had run. The court relied on Chevron Oil Co. v. Traigle, supra, for the proposition that ongoing negotiations did not necessarily relieve the parties of their duty to protect the court record once suit had been filed.
In the instant case, the record indicates that on December 20, 1996, Gallagher's counsel moved for trial. This was the last substantive "step" for the purposes of tolling of the three-year abandonment period.[4] Defendants filed their motion for abandonment in January, 2000, after three years of no recorded steps by Gallagher.[5]
*83 Nevertheless, Gallagher argues that the parties' willingness to participate in mediation, as evidenced by correspondence filed in the record subsequent to December 20, 1996, is sufficient to interrupt the tolling of the abandonment period. The correspondence does show that the parties attempted to schedule mediation sometime during late 1997, but subsequent letters dated May 19, 1998 and August 3, 1998, suggest that mediation still had not taken place. Thus, while the parties may have attempted to schedule a time and place for mediation, such mediation never occurred. Like the attempted settlement at issue in Lizama v. Williams, supra, which was insufficient to interrupt the tolling of the abandonment period, we find that the parties' attempt to schedule mediation in this case neither serves to interrupt the tolling of the abandonment period nor relieves Gallagher of his obligation to take a step, on the record, to hasten the matter to judgment.
Finally, Gallagher urges that defendants' request that he participate in alternative dispute resolution operated as a waiver of their rights to assert abandonment. In Chevron, supra, defendants were held to have waived abandonment when it filed a motion for summary judgment after the five-year period had accrued but before it moved for dismissal on abandonment grounds under La. C.C.P. art. 561. It is the qualitative effect of the steps taken by defendant which must be considered in a case-to-case approach to determine whether the defendant has waived abandonment. Middleton v. Middleton, 526 So.2d 859 (La.App. 2d Cir. 1988). Steps which have facilitated judicial resolution of the dispute on the merits and which could be construed as an expression of defendant's willingness or consent to achieve judicial resolution of the dispute are legally operative to preclude him from raising the claim of abandonment. Id. Under this criterion, defendants' request that Gallagher agree to mediation is not tantamount to any expression of willingness or consent to achieve judicial resolution of the dispute. Thus, we find that no waiver by defendants of the abandonment period.[6]

Conclusion
For the foregoing reasons, the judgment of the trial court dismissing Gallagher's lawsuit, is affirmed. Costs of these proceedings are assessed against appellant.
AFFIRMED.
NORRIS, C.J., concurs with written reasons.
NORRIS, C.J., concurring.
The case of Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983), on which the majority relies, has been legislatively superseded by the 1997 amendment to La. C.C.P. art. 561. This article now provides that discovery, whether or not filed of record, constitutes a step in the prosecution. See, e.g., Brister v. Manville Forest Products, 32,386 (La.App. 2 Cir. 12/15/99), 749 So.2d 881. The instant case does not involve discovery, but poses the equally close question of whether pursuing ADR tends to "hasten the matter to judgment." On the basis of Lizama v. Williams, 99-1040 (La.App. 5 Cir. 3/22/00), 759 So.2d 865, I respectfully concur.
NOTES
[1] Both parties' briefs allude to the fact that the death of defendants' original counsel occurred while this proceeding was pending.
[2] La. C.C.P. art. 561 provides in pertinent part as follows:

A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years ...
(2) This provision shall be operative without formal order, but, on ex parte motion of any party ... the trial court shall enter a formal order of dismissal as of the date of its abandonment.
[3] The 1997 amendment sets the period for abandonment at three years (rather than the previous period of five years); the amendment did not become effective until July 1, 1998. See Editor's Notes to La. C.C.P. art 561.
[4] Although neither argued in brief nor included as a formal assignment of error, Gallagher apparently suggests that a second motion for trial may have been submitted to the Clerk of Court by letter dated February 2, 1999. While a copy of the transmittal letter to the clerk was made an exhibit to Gallagher's brief in the trial court, the alleged motion and service affidavit were not produced nor was any evidence indicating receipt of the motion by the clerk offered.
[5] While we agree that no "step" within the intendment of La. C.C.P. art. 561 in fact took place within three years after December 20, 1996, our review of the record discloses that defendants filed a motion to enroll as co-counsel on January 27, 1999. A motion to substitute counsel does not constitute a step in the prosecution or defense of a lawsuit sufficient to toll the running of prescription under La. C.C.P. art. 561. Family Federal Sav. & Loan Ass'n of Shreveport v. Huckaby, 30,481 (La.App.2d Cir.5/13/98), 714 So.2d 80. Likewise, a motion to enroll as co-counsel does not constitute such a step.
[6] Since we have determined that Gallagher essentially failed to make a filing in the suit record and that off-the-record discussions concerning proposed mediation do not toll the running of the three-year period, Gallagher's assignment of error regarding the trial court's quashing of Gallagher's subpoena for defense counsel's billing records and correspondence pertaining to this lawsuit is moot.