980 So.2d 62 (2008)
Dana BROWN
v.
MICHAELS STORES, INC.
No. 07-CA-772.
Court of Appeal of Louisiana, Fifth Circuit.
February 19, 2008.
*63 William R. Mustian, III, Attorney at Law, Metairie, LA, for Appellant, Dana Brown.
Thomas J. McGoey, II, Joseph I. Giarrusso, III, Attorneys at Law, New Orleans, LA, for Appellee, Michaels Stores, Inc.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and GREG G. GUIDRY.
SUSAN M. CHEHARDY, Judge.
In this case, Dana Brown appeals the district court's denial of her Motion to Set Aside Judgment of Dismissal. For the reasons that follow, we vacate the ruling, reverse the dismissal, reinstate the case, and remand for further proceedings.
On April 1, 2002, Dana Brown("Brown") filed suit against her former employer, Michaels Stores, Inc.("Michaels") alleging retaliatory discharge. Brown propounded interrogatories to Michaels on September 10, 2002. Michaels responded on October 22, 2002, and supplemented its responses on January 17, 2003, January 20, 2003, and January 30, 2003.
On April 30, 2004, Brown's attorney sought updated information from Michaels's attorneys for two witnesses listed in Michaels' responses to interrogatories. On May 4, 2004, Michaels' attorneys responded with its "last known address information" for the witnesses, which were the same addresses given in its original response. On October 21, 2004, Brown's attorney asked for employment information for three other witnesses and informed Michaels' attorneys of five available dates for deposing Michaels' employees. On November 19, 2004, Michaels' attorneys responded with current employment information for one employee and previously-undisclosed *64 address information for two other witnesses.
On December 15, 2006, Michaels filed an Ex Parte Motion of Dismissal on the Grounds of Abandonment, which was granted on January 5, 2007. On February 2, 2007, Brown filed a Motion to Set Aside the Judgment of Dismissal, which was denied on May 30, 2007, after a contradictory hearing. Brown filed a timely appeal.
On appeal, Brown raises two issues: first, the trial court erred in granting the Motion to Dismiss because the defendant's supplemental discovery responses in a letter dated November 19, 2004 were a step in the prosecution of this case, which supports its waiver of abandonment; and second, pursuant to the recent legislative change in La.C.C.P. art. 561, this Court should remand the matter for an evidentiary issue on whether the "failure to take a step in the prosecution" was "caused by or was a direct result of Hurricane Katrina or Rita."
Michaels, in opposition to the appeal, argues, first, that Brown cannot raise the alleged impediment of Hurricane Katrina for the first time on appeal; second, Brown's request for a hearing is "disingenuous" because she had an opportunity to argue in the district court yet did not state that her failure to move the prosecution forward was hurricane-related; and, finally, Michaels avers that the trial court properly denied Brown's Motion to Set Aside the Dismissal.
La. C.C.P. art. 561 has been construed as imposing three requirements on plaintiffs. First, plaintiffs must take a "step" towards prosecution of their lawsuit. In this context, a "step" is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step. Clark v. State Farm Mut. Auto. Ins. Co., 00-3010 at pp. 5-6, (La.5/15/01), 785 So.2d 779, 784. However, "unlike a plaintiff whose post-abandonment actions cannot serve to revive an abandoned action, a defendant's post-abandonment actions can serve to waive his right to plead abandonment." Clark, 00-3010 at p. 15, 785 So.2d at 789.
"It is the qualitative effect of the steps taken by defendant which must be considered in a case-to-case approach to determine whether the defendant has waived abandonment." Gallagher v. Cook, 34,158 (La.App. 2 Cir. 12/15/00), 775 So.2d 79, 83. "Steps which have facilitated judicial resolution of the dispute on the merits and which could be construed as an expression of defendant's willingness or consent to achieve judicial resolution of the dispute are legally operative to preclude him from raising the claim of abandonment." Id.
Defendants argue that their letter to plaintiff was "informal discovery" that was not intended as a step in prosecution of the case. We disagree.
Although the defendant's letter was not entitled "Supplemental answers to interrogatories," we note that the information in the "letter" was previously undisclosed information about potential witnesses given in response to discovery requests by the plaintiff. Regardless of the styling, the letters constituted supplemental answers to interrogatories, which are, without question, "formal discovery as authorized by this Code" in La. C.C.P. arts. 561 and 1474(C)(4), sufficient to interrupt the *65 time period for abandonment. Naccari v. Namer, 01-2410 (La.App. 4 Cir. 2/6/02), 809 So.2d 1157, 1160; Breaux v. Auto Zone, Inc., 00-1534 (La.App. 1 Cir. 12/15/00), 787 So.2d 322.
La. C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiff's suit. Clark, 00-3010, p. 8, 785 So.2d at 785. Given that dismissal is the harshest of remedies, the general rule is that any reasonable doubt should be resolved against dismissal for abandonment. Clark, 00-3010, p. 10, 785 So.2d at 787. Accordingly, we find the trial court erred in denying Brown's Motion to Set Aside the Judgment of dismissal.
For the foregoing reasons, the judgment is reversed. Judgment is rendered granting the Motion to Set Aside the Judgment of Dismissal, and the matter is remanded for further proceedings. Costs of appeal are assessed against appellees, Michaels Stores, Inc.
REVERSED, RENDERED, AND REMANDED.