SUSAN M. CHEHARDY, Chief Judge.
l2In this personal injury action, plaintiffs appeal the trial court’s grant of defendants’ motion to dismiss the action as abandoned. For the following reasons, we amend and, as amended, affirm.

Facts and Procedural History

On January 16,2010, Romona Lewis and her minor daughters were traveling in a vehicle on Louisiana Highway 44 in St. John the Baptist Parish when they attempted to cross railroad tracks. Before they could cross, the signal arm descended onto their vehicle so they were forced to stop. The train passed the vehicle without incident. After the train passed, Ms. Lewis reported the incident to the St. John Parish Sheriffs Office and two deputies arrived to investigate the incident. According to Ms. Lewis, the deputies “began to physically and verbally abuse, harass, intimidate, and threaten” Ms. Lewis and her daughters. Further, the deputies “embarrassed and humiliated” Ms. Lewis in front of her daughters.
On January 18, 2011, Romona Lewis, individually and on behalf of her minor daughters, filed a petition for damages against Sheriff Wayne Jones,[1] the St. | aJohn Parish Sheriffs Office, and the two deputies. On January 31, 2011, the defendants moved for an extension of time within which to file pleadings and were granted 30 days. On February 25, 2011, defendants answered, denying the allegations of the petition and asserting their affirmative defenses. On April 8,2011, the defendants filed a motion for an extension of time within which to respond to discovery and were granted a 30-day extension, or until May 6,2011.
On January 9, 2014, plaintiffs filed “Plaintiffs’ Witness List” listing themselves and “any other witness listed by any other party” as “will call” witnesses. The record does not reveal that either a motion to set for trial or a scheduling order was filed.
On August 18, 2015, defendants filed an ex parte motion and order to dismiss the action as abandoned, alleging that the day that defendants provided their written responses to plaintiffs’ discovery requests— June 2, 2011 — was “the last date of any step towards the prosecution or defense of this matter.” Plaintiffs filed an opposition to defendants’ motion to dismiss, contending: first, the act of filing their witness list interrupted the abandonment, and, second, defendants’ participation in a Rule 10.1 *549 conference served as a waiver of their abandonment.
Following a contradictory hearing on September 15, 2015, the trial court signed a judgment granting defendants’ motion to dismiss the action as abandoned and dismissing plaintiffs’ claims with prejudice. Plaintiffs now appeal from that judgment.

Law and Argument

On appeal, plaintiffs assign three errors: first, the trial court erred in finding that the filing of a witness list into the record was not a step in the prosecution of the case; second, the trial court erred in granting defendants’ motion to dismiss on grounds of abandonment; and third, the trial court erred in finding that defendants |4had not participated in a Rule 10.1 conference and, thus, waived their defense to abandonment.

Abandonment

The controlling statutory provision in this case is La. C.C.P. art. 561, which provides in part:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years,
* * «
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
La. C.C.P. article 561 requires three things: (1) that a party take some “step” in the prosecution or defense of the action; (2) that it be done in the trial court and, with the exception of formal discovery, on the record of the suit; and (3) that it be taken within three years of the last step taken by either party. James v. Formosa Plastics Corp., 01-2056 (La.4/03/02), 813 So.2d 335, 338; Clark v. State Farm Ins. Co., 00-3010 (La.5/15/01), 785 So.2d 779; Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983).
A “step” in the prosecution or defense of an action is a formal action by a party before the Court intended to hasten the matter to judgment, or when a party takes a deposition with or without formal notice. Clark, 785 So.2d at 784; Chevron, 436 So.2d at 532; Melancon v. Continental Cas. Co., 307 So.2d 308, 312 (La.1975). Whether or not a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to manifest error analysis on appeal. Florreich v. Entergy Corp., 09-414 (La.App. 5 Cir. 2/23/10), 32 So.3d 965, 969, writ denied, 10-1057 (La.9/3/10), 44 So.3d 691.
Finally, abandonment is self-executing; it occurs automatically upon the passing of three years without a step being taken by either party, and is effective | ^without court order. Clark, supra; Giovingo v. Dunn, 11-781 (La.App. 5 Cir. 3/13/12), 90 So.3d 1098, 1101, writ denied, 12-0831 (La.5/25/12), 90 So.3d 418. Once abandonment has occurred, action by the plaintiff cannot breathe new life into the suit. Clark, supra at 789.
With these general principles in mind, we now address plaintiffs’ first and second assignments of error together. Plaintiffs specifically argue that the trial judge erred in finding that her filing of a witness list was not a step in the prosecution of this suit and erred in granting defendants’ motion to dismiss the matter as abandoned.
Our review of the jurisprudence reveals no case directly addressing whether the filing of a witness list is a “step” in the prosecution. Accordingly, we will review *550 the jurisprudence regarding other filings to determine if the trial court was manifestly erroneous in its factual , finding that' a witness list is not a “step” in the prosecution.
First, the jurisprudence reveals that the following actions were sufficient to prevent abandonment: the filing of interrogatories (Highlands Ins. Co. v. City of Lafayette, 453 So.2d 608 (3rd Cir.1984)); the filing of answers to interrogatories (Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983)); supplemental answers to interrogatories (Brown v. Michaels Stores, Inc., 07-772 (La.App. 5 Cir. 2/19/08), 980 So.2d 62, 64;) filing of motions to compel answers to interrogatories (Rollins v. Causey, 427 So.2d 1291 (2nd Cir.1983)); filing of requests for production of documents to a named party (Gibson v. Valentine Sugars, Inc., 485 So.2d 620 (4th Cir.1986)); filing of motions to take depositions (Landry v. Thomas, 422 So.2d 513 (4th Cir.1982)); filing of transcripts of depositions (Michel v. Home Town Supermarket, Inc., 493 So.2d 142 (La.App. 5 Cir.1986)); filing of motions to proceed in forma pauperis (Acosta v. Hepplewhite Home, Inc., 450 So.2d 770 (La.App. 6 Cir.1984)); filing of motions to set for trial (Evergreen Plantation, Inc. v. Zunamon, 272 So.2d 414 (2nd Cir.1973)); filing of joint stipulations dismissing certain parties (Fontenot v. Blue Cross Ass’n., 485 So.2d 1001 (4th Cir,1986)); and payment of costs where payment was in response to a formal rule before the court by the clerk of. court for the payment of a fee required in order to preserve the plaintiffs right to a jury trial (Haley v. Galuszka, 98-2854 (La.App. 4 Cir. 9/8/99), 744 So.2d 170, 172, writ denied, 99-2883 (La.12/10/99), 751 So.2d 857).
On the other hand, the jurisprudence establishes that actions that are not “steps” in the prosecution or defense are those that merely grant to counsel the right to take steps, or to prepare to take steps, toward the prosecution or defense of a case, .but do not hasten the matter to judgment. Some examples are motions to withdraw or enroll as counsel or to substitute counsel. (Willey v. Roberts, 95-1037 (La.App. 1 Cir. 12/15/95), 664 So.2d 1371, 1375, writ denied, 96-0164 (La.3/15/96), 669 So.2d 422); a motion to terminate counsel of record (Paternostro v. Falgoust, 03-2214 (La.App, 1 Cir. 9/17/04), 897 So.2d 19, 20-25); a request for production of documents from a non-party that was not served on all parties (Patemostro, 897 So.2d at 23); and neither the payment of court costs nor the request for notice of hearings (D & S Builders, Inc. v. Mickey Construction Co., 524 So.2d 245, 247 (La. App. 5th Cir.1988)).
Here, the trial judge found, in this case, where no motion to set trial or motion for a scheduling order had been filed by either party, the plaintiffs’ witness list alone was a “passive and gratuitous filing just to try to interrupt the abandonment.” We agree. Here, the act of filing a witness list was the preparation to take a step toward the prosecution of a case, but did not hasten the matter to judgment. The trial court did not err in finding that the filing of a witness list was not a step in the prosecution in this case,
|7In their final assignment of error, plaintiffs argue that the trial court erred in finding that defendants had not participated in a Rule 10.1 conference and, thus, waived them defense to abandonment.
. In their opposition to the motion to dismiss, plaintiffs alleged that they propounded a second set of requests for production of documents to defendants in 2015 that defendants did not answer, which prompted plaintiffs to schedule a Rule 10.1 conference on August 6, 2015. Plaintiffs, relying on La. DOTH v. Oilfield Heavy Haulers, L.L.C., 11-0912 (La.12/06/11), 79 So.3d 978, *551 979, allege that defense counsel’s participation in the Rule 10.1 conference was sufficient to waive abandonment.
First, plaintiffs are correct that scheduling a Rule 10.1 conference constitutes a step in the prosecution or defense of an action sufficient to interrupt abandonment. Oilfield Heavy Haulers, supra. However, although it is unclear from the record exactly when the Rule 10.1 conference was scheduled, the telephone call purporting to be a Rule 10.1 conference occurred on August '6, 2015. ‘The record reveals that the last step in defense of the case was defendants’ discovery responses on June 2, 2011. Thus, with no other step in the prosecution, abandonment accrued no later than June 2, 2014 more than one year before the purported conference.
It is. well settled that actions taken by a plaintiff after abandonment has accrued are without effect and cannot revive an abandoned action. Clark, 785 So.2d at 789; Willey, 664 So.2d at 1376 n. 2. Thus, the fact that plaintiffs scheduled a Rule 10.1 conference did not revive the action.
There are, however, two jurisprudential exceptions to the abandonment rule. Those two exceptions are: (1) a plaintiff-oriented exception, based on contra non valentem, that applies when failure ' to prosecute is caused by circumstances beyond |8the plaintiffs control; and (2) a defense-oriented exception, based on acknowledgment, that" applies when the defendant waives his right to assért abandonment by taking actions inconsistent with an iritent to treat the case as abandoned. Clark, 785 So.2d at 784-85.
Thus, the inquiry is whether defense counsel by answering a telephone call for a Rule 10.1 conference evidenced an intent inconsistent with abandonment and waived defendants’ right to assert abandonment.
“It is the qualitative effect of the steps taken by defendant which must be considered in a case-to-case approach to determine whether the defendant has waived abandonment.” Brown v. Michaels Stores, Inc., 07-712 (La.App, 5 Cir. 02/19/08), 980 So.2d 62, 64 (citing Gallagher v. Cook, 34,158 (La.App. 2 Cir. 12/15/00), 775 So.2d 79, 83). “Steps which have facilitated judicial resolution of the dispute on the merits and which could be construed as .an- expression of defendant’s willingness or cpnsent; to achieve judicial resolution of the dispute are legally operative to preclude him from raising,the claim of abandonment.” Id.
According to the record, defense counsel stated that he purposely did not respond to plaintiffs’ second request for discovery to avoid waiving abandonment. Further, he stated that he answered plaintiffs’ counsel’s telephone call regarding the Rule 10.1 conference out of professional courtesy to inform her that he was filing a motion to dismiss the matter as abandoned, but not to ■ participate in a discovery conference. Counsel’s actions did not facilitate judicial resolution, of the dispute on the merits and cannot be construed as an expression of defendants’, willingness or . consent to achieve judicial resolution of the dispute. Based on our review, we find no error in the: trial court’s finding that defendants did not waive abandonment.
| aFinally, as to the trial court’s September 18, 2015 judgment dismissing plaintiffs’ action on the grounds of abandonment, we note that it‘ dismissed plaintiffs’ action “with prejudice.” This Court, among others, has found that a dismissal on the grounds of abandonment is a dismissal “without ■ prejudice.” La. Cent. Credit Union v. LeBlanc, 98-23 (La.App. 5 Cir. 5/13/98), 721 So.2d 921, 923; D & S Builders, Inc. v. Mickey Constr. Co., su *552 pra; Argence, L.L.C. v. Box Opportunities, Inc., 11-1732 (La.App. 4 Cir. 05/23/12), 95 So.3d 539, 541; Paternostro v. Falgoust, supra. Accordingly, the trial court erred in dismissing plaintiffs’ action with prejudice. We amend the judgment to delete the words “with prejudice” and to substitute the words “without prejudice.”

Conclusion

Based upon the foregoing reasons, we amend the judgment of dismissal as set forth herein, and affirm as amended.

AMENDED: AFFIRMED AS AMENDED

. Mr. Jones is no longer the Sheriff of St. John the Baptist Parish. On October 22, 2011, Mike Tregre was elected Sheriff of that Parish. According to the record in this case, Mr. Tregre was not substituted as a defendant.