LILJEBERG, J.
11Plaintiffs/Appellants, Herbert L. La-cassagne and Cathy S. Laeassagne, appeal the trial court’s August 8, 2016 judgment, which granted a Motion for Nullity of Judgment and Dismissal filed by defendants/appellees, Oster Development, Inc. and Donald C. Oster, Jr. The trial court found null a September 1, 2010 judgment, which confirmed a default judgment and awarded damages in favor of the plaintiffs, because the matter was abandoned at the time the trial court entered the judgment. The trial court vacated the judgment and dismissed plaintiffs’ claims without prejudice. For the reasons stated more fully below, we affirm the trial court’s August 8, 2016 judgment.
FACTS AND PROCEDURAL HISTORY
On July 10, 2002, plaintiffs filed a lawsuit against defendants pursuant to La. R.S. 9:3141, et. seq., the New Home Warranty Act, alleging structural defects existed in the condominium they purchased from defendants. There was no activity in the record until plaintiffs submitted a motion for preliminary default. alleging that defendants received personal service of the *916 petition on February 7, 2003,[1] and defendants failed to file an answer in response. On July 12, 2005, the trial court granted a preliminary default. The next filing in the record is the September 1, 2010 judgment, which confirmed the preliminary default entered on July 12, 2005, and awarded plaintiffs damages against defendants. On September 3, 2010, the Clerk of Court mailed notices of signing of the September 1, 2010 judgment to defendants.
No further activity appears in the record until March 24,2016, when plaintiffs filed a Motion and Order to Examine Judgment Debtor. In response, defendants filed a Motion for New Trial or Alternatively, Nullity of Judgment on May 4, 2016, alleging defendants were not served with the petition and did not |Preceive notice of the signing of September 1, 2010 Judgment. Also on May 4, 2016, defendants filed an Ex Parte Motion and Order for Nullity of Judgment and Dismissal with Prejudice Pursuant to La. C.C.P. art. 561 or Alternatively, Motion for New Trial. Defendants argued plaintiffs failed to take any steps in furtherance of the lawsuit between July 11, 2005 and September 1, 2010, and the September 1, 2010 judgment was an absolute nullity because plaintiffs’ lawsuit was abandoned when the trial court entered the judgment.
The trial court set both motions for hearing on July 28, 2016, and took the matter under submission following the hearing. On August 8, 2016, the trial court entered judgment granting the motion for nullity and dismissal based on abandonment, stating “[t]he Court can find no authority to support an exception to application of La. C.C.P. art. 561 on these facts.” The trial court ruled the September 1, 2010 judgment was null, vacated the judgment and dismissed plaintiffs’ claims without prejudice. On August 19, 2016, plaintiffs filed a motion for devolutive appeal, which the trial court granted on August 22, 2016.
LAW AND DISCUSSION
On appeal, plaintiffs argue the trial court erred by finding they abandoned their lawsuit. Plaintiffs argue the purpose of abandonment is to prevent the practice of filing suit to interrupt prescription and then allowing the lawsuit to “hang perpetually over the head of the defendant unless he himself should force the issue.” Plaintiffs argue that since defendants claim they had no knowledge of this lawsuit, plaintiffs’ delay in proceeding to confirm the default had no detrimental effect on defendants. Plaintiffs further argue that by confirming the default judgment, they exhibited their intent not to abandon their lawsuit.
La. C.C.P. art. 2002 states that a final judgment shall be annulled if it is rendered against a defendant “against whom a valid judgment by default has not been taken.” Because defendants alleged that the default judgment rendered 1 ¡¡against them was invalid due to abandonment, the trial court properly considered their motion for nullity and dismissal on these grounds.
The controlling statutory provision in this case is La. C.C.P. art. 561, which provides in part:
A. (1) An action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, ...
[[Image here]]
(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested *917 person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.
In Clark v. State Farm Mut. Auto. Ins. Co., 00-3010 (La. 5/15/01), 785 So.2d 779, 784, the Louisiana Supreme Court held that Article 561 imposes three requirements to avoid abandonment: (1) a party takes a step in the prosecution or defense of the action; (2) the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit; and (3) the step must be taken within three years of the last step taken by either party. A “step” in the prosecution or defense of an action is a formal action by a party before the court intended to hasten the matter to judgment. Id.; Lewis v. Digital Cable & Communs, North, 15-345 (La.App. 5 Cir. 11/19/15), 179 So.3d 840, 844.
Abandonment is self-executing; it occurs automatically upon the passing of three years without a step being taken by either party, and is effective without court order. Clark, 785 So.2d at 789; Lewis v. Jones, 16-48 (La.App. 5 Cir. 5/26/16), 193 So.3d 546, 549. Once abandonment occurs, action by the plaintiff cannot breathe new life into the suit. Id.
On appeal, plaintiffs do not claim they took a step within the three-year abandonment period. Rather, plaintiffs argue this Court must consider the | .following policy considerations underlying abandonment which the Louisiana Supreme Court espoused in Clark, supra:
In sum, abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned.
* * *
Abandonment is a device that the Legislature adopted “‘to put an end to the then prevailing practice of filing suit to interrupt prescription, and then letting the suit hang perpetually over the head of the defendant unless he himself should force the issue.’” Sanders v. Luke, 92 So.2d 156 (La. App. 1st Cir. 1957).
* * *
Abandonment functions to relieve courts and parties of lingering claims by giving effect to the logical inference that a legislatively designated extended period of litigation inactivity establishes the intent to abandon such claims. When the parties take no steps in the prosecution or defense of their claims during that legislatively ordained period, “the logical inference is that the party intends to abandon the claim and the law gives effect to this inference.” Young v. Laborde, 576 So.2d 551, 552 (La. App. 4th Cir. 1991). The presumption of abandonment that arises under Article 561 as a result of three years of litigation inactivity, however, is not conclusive. As noted, two jurisprudential, prescription based exceptions are recognized. Moreover, given that dismissal is the harshest of remedies, the general rule is that “any reasonable doubt [about abandonment] should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment.” Id.
Abandonment is not a punitive concept; rather, it a balancing concept.
Id. at 786-87.
Plaintiffs argue that based on defendants’ claims that they did not receive service of the petition or notice of the signing of the September 1, 2010 judgment, defendants were not aware this suit *918 was “hanging over their heads” and the delay had no detrimental effect. However, defendants’ lack of knowledge of the lawsuit is not an exception to the requirement that a party must take a step within the three-year period to avoid abandonment.
Plaintiffs further argue that by confirming the preliminary default, they exhibited their intent not to abandon this lawsuit. This argument also fails because | (¡plaintiffs’ intent to take a step in the prosecution of their claim without actually taking a timely step is insufficient to interrupt the abandonment period. See Clark v. City of Hammond, 00-673 (La. App. 1 Cir. 8/10/00), 767 So.2d 882, 884.
Though plaintiffs do not argue on appeal that these exceptions apply, we further note that two jurisprudential exceptions to the abandonment rule exist: (1) a plaintiff-oriented exception that applies when failure to prosecute is caused by circumstances beyond the plaintiffs control; and (2) a defense-oriented exception that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned. Clark, 785 So.2d at 784-85; Lewis, 193 So.3d at 551.
We agree with the trial court’s finding that the facts set forth in the record do not support any exceptions to the abandonment rule. Plaintiffs failed to present evidence to support a finding that either their failure to prosecute was caused by circumstances beyond their control or that defendants took any actions inconsistent with an intent to treat this case as abandoned.
DECREE
Accordingly, we affirm the trial court’s judgment which granted defendants’ motion for nullity and dismissal, vacated the September 1, 2010 judgment and dismissed plaintiffs’ claims without prejudice.
AFFIRMED

. Although plaintiffs allege that defendants received personal service on February 7, 2003, the service return is not in the appellate record.