# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 23-551

**PINNACLE CONSTRUCTION GROUP, L.L.C.**

**VERSUS**

**DEVERE SWEPCO JV, LLC, LIBERTY MUTUAL**

**INSURANCE COMPANY AND UNITY VILLAGE HOMES, LLC**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 13-C-1201-D
HONORABLE D. JASON MECHE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**SHANNON J. GREMILLION**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Shannon J. Gremillion, Jonathan W. Perry, and Ledricka J. Thierry, Judges.

**AFFIRMED.**

**J. Andrew Murrell**
**Attorney at Law**
**1955 Carolyn Sue Drive**
**Baton Rouge, LA 70815**
**(844) 626-3739**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Pinnacle Construction Group, LLC**

**Harry J. Philips, Jr.**
**Taylor, Porter, Brooks and Phillips**
**PO Box 2471**
**Baton Rouge, LA 70821**
**(225) 387-3221**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Pinnacle Construction Group, LLC**

**David J. Krebs**
**Craig N. Mangum**
**Jessica R. Derenbecker**
**Krebs, Farley & Dry PLLC**
**400 Poydras St., Suite 2500**
**New Orleans, LA 70130**
**(504) 299-3570**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Liberty Mutual Insurance Company**

**John Emory Seago**
**Seago & Associates, APLC**
**8126 One Calais Ave. Suite 2-C**
**Baton Rouge, LA 70809-0000**
**(225) 766-5805**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Liberty Mutual Insurance Company**
**DeVere Swepco JV, LLC**

**Ramon John Fonseca, Jr.**
**Standard Law, PPLC**
**921 Kaliste Saloom Road**
**Lafayette, LA 70508**
**(337) 456-1163**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Unity Village Homes, Inc.**

**GREMILLION, Judge.**

Pinnacle Construction Group, LLC (Pinnacle), appeals the judgment of the trial court that declared its suit abandoned and dismissed its claims without prejudice. For the reasons that follow, we affirm.

### FACTS AND PROCEDURAL POSTURE

Pinnacle filed suit in 2013 against Unity Village Homes, Inc. (Unity), Devere Swepco JV, LLC (Devere), and Devere's insurer, Liberty Mutual Insurance Company. The basis of Pinnacle's claim was work for Devere as a subcontractor in the development of Unity's subdivision in Eunice, Louisiana, for which it claims it was not paid. Devere and Liberty Mutual answered the suit and filed a reconventional demand against Pinnacle and a cross claim against Unity. Pinnacle answered the reconventional demand.

In March 2015, Pinnacle confirmed a default judgment against Unity in the amount of $198,000.00. In November 2015, Unity filed a petition to annul the default judgment on the grounds that, when it was noticed of Pinnacle's lien, it deposited into the registry of the court a bond securing the lien. Unity argued that pursuant to La.R.S. 9:4835, the filing of this bond extinguished its obligation to Pinnacle.

Before Unity's petition could be heard, Pinnacle sought leave of court to amend and supplement its petition. The trial court fixed the hearing dates for Unity's demand for annulment and Pinnacle's motion for leave to amend for May 19, 2016. Unity then sought to amend its petition to annul. Pinnacle filed an opposition to that amendment on May 16, 2016, but it was not set for hearing by the trial court until March 17, 2017, when a September 25, 2017 hearing date was fixed.

Unity then filed its petition to annul in a separate action, and Pinnacle moved to consolidate it with the present action. The several motions discussed above were

then fixed by the trial court for one setting for September 25, 2017. The court minutes of that day state:

9/25/2017   M

135298      PINNACLE CONSTRUCTION GROUP
            VS
            DEVERE SWEPCO JV ETAL

Attorney Skip [Phillips] present in court on behalf of the Plaintiffs. Attorney John Seago present in court on behalf of Devere Swepco. Attorney Vallerie Gotch Garrett present in court on behalf of Unity Village Homes, Inc. Matter before the Court is a Petition to Annul Judgment. This matter is passed without date. Attorney Skip [Phillips] to submit letter informing the Court of the various matters that are pending.

The record discloses no further action in the case at all until September 25, 2020, when Pinnacle filed a motion to have the hearings reset. The trial court did not address that motion until August 18, 2021, when it ordered that the motions be heard on October 25, 2021.

Unity filed a motion to enroll new counsel of record, and the hearing was continued to March 7, 2022. On March 3, 2022, Devere and Liberty Mutual moved to continue the hearing because their counsel of record needed surgery. A May 23, 2022 hearing date was fixed.

That hearing was not held, either. On December 16, 2022, Liberty Mutual filed its ex parte motion to dismiss on grounds of abandonment, pursuant to La.Code Civ.P. art. 561. Liberty Mutual asserted that "no step in the prosecution or defense of this matter of the nature to overcome abandonment was taken from at least July 19, 2016, for a period of more than three years." Attached to the motion was the ledger of filings and fees from the St. Landry Parish Clerk of Court; a copy of the trial court minutes of the case; and the affidavit of Attorney John Seago, Devere's counsel and former counsel for Liberty Mutual, who asserted that no step in the prosecution of the matter was taken from July 19, 2016, when Pinnacle filed its

2

opposition to Unity's motion to amend its petition to annul the judgment. The trial court signed the ex parte motion on December 21, 2022.

Pinnacle filed a motion to set aside the dismissal on January 19, 2023. It asserted that Unity's attempts to annul the default judgment were abandoned, but the judgment inappropriately dismissed all claims, despite its enforceable judgment against Unity. Further, Pinnacle asserted that the surety bond guaranteed performance of the underlying obligation and payment of Pinnacle for its work for as long as Pinnacle's judgment remained in effect. Pinnacle also argued that steps were taken in the prosecution of the case within that three-year period between July 19, 2016 and September 25, 2020, namely the appearance by counsel for the hearing scheduled for September 25, 2017.

Pinnacle argued that the judgment was improper because it dismissed "all claims," yet it has a valid judgment against Unity. Dismissal, Pinnacle argued, would impede its ability to enforce the judgment against Unity. The trial court, on the other hand, felt that its judgment would not affect the validity of the judgment, as Pinnacle could file a separate suit for enforcement against the bond. Pinnacle's attempt to set the dismissal aside was denied. This appeal followed.

## ASSIGNMENTS OF ERROR

Pinnacle assigns the following as errors of the trial court:

1. The captioned action has not been abandoned because steps were taken in the litigation that would hasten the matter to trial such as would interrupt the tolling of time for abandonment.

2. The captioned action has not been abandoned because trial court record reflects that each defendant waived the right to assert abandonment by taking separate actions inconsistent with an intent to treat the case as abandoned.

3. The Defendants should not have been granted *Ex Parte* relief as contemplated by the Motion to Dismiss Suit on the Grounds of Abandonment because the trial court record reflects that the

Defendants were not clearly entitled to such relief without a contradictory hearing.

4. The judgment granting the *Ex Parte* Motion to Dismiss Suit on the Grounds of Abandonment is in conflict with ten year. prescriptive period to enforce a money judgment.

5. The judgment granting the *Ex Parte* Motion to Dismiss Suit on the Grounds of Abandonment affects Pinnacle Construction Group, LLC's ability to enforce its March 31, 2015 judgment against Unity Village Homes, Inc.

6. The judgment granting the *Ex Parte* Motion to Dismiss Suit on the Grounds of Abandonment ignores the Louisiana Private Works Act payment bond that was recorded in the property records of St. Landry Parish, Louisiana and subsequently placed in the registry of the trial court as furnished by Defendant Liberty, as Surety, naming Defendant Devere as "Contractor" and Defendant Unity as "Owner" and obligating themselves by agreement to indemnify the Project against the Lien recorded by the Petitioner/Appellant in accordance with the provisions of La. R.S. 9: 4835.

7. The judgment granting the *Ex Parte* Motion to Dismiss Suit on the Grounds of Abandonment should not have held that Defendant Liberty was more than a nominal defendant despite all of its rights and obligations being solely determined by the liability assessed to Defendants Unity and/or Devere, as evidenced by the language contained in the Louisiana Private Works Act payment bond furnished by Defendant Liberty that was recorded in the property records of St. Landry Parish, Louisiana and subsequently placed in the registry of the trial court.

8. The judgment granting the *Ex Parte* Motion to Dismiss Suit on the Grounds of Abandonment denied any liability attributable to Defendant Liberty, as one in possession of property of another, when Defendant Liberty furnished a bond and deposited that bond in the registry of the trial court whereby Defendant Liberty stipulated to the surrender of that bond upon the determination of liability assessed to Defendants Unity and/or Devere as a collection remedy available to the Petitioner/Appellant.

## DISCUSSION AND ANALYSIS

*General principles of abandonment*

Whether an action is abandoned at the trial court is determined by La.Code Civ.P. art. 561, which states, in pertinent part:

A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:

(a) Which has been opened;

(b) In which an administrator or executor has been appointed; or

(c) In which a testament has been probated.

(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit that states that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314 and shall execute a return pursuant to Article 1292.

(3) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).

(4) An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriff's service of the order of dismissal. An appeal of an order of denial may be taken only within sixty days of the date of the clerk's mailing of the order of denial.

B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.

Code of Civil Procedure Article 561 imposes three requirements to avoid abandonment: (1) a party must take some formal "step" in the prosecution of the action; (2) "the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit"; and, (3) the step must be taken within three years "of the last step taken by *any* party; sufficient action by either the plaintiff or defendant will be deemed a step." *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010, p. 6 (La. 5/15/01), 785 So.2d 779, 784.

*Talen v. Rhino Rhencovators, LLC*, 19-1748, p. 1 (La. 1/28/20), 288 So.3d 117, 118.

Abandonment is a form of prescription. *Johnson v. Calcasieu Parish Sheriff's Office*, 06-1179, 06-1180 (La.App. 3 Cir. 2/7/07), 951 So.2d 496. Abandonment is

not punitive but balances the requirement that litigants be given their day in court against the need to hasten cases to judgment or resolution. *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010 (La. 5/15/01), 785 So.2d 779. Article 561 creates a rebuttable presumption that three years' inactivity signals an intent to abandon the claim. *Id.* "Article 561 is not to be used to dismiss cases where the plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon the action. It is not designed to dismiss actions on mere technicalities but to dismiss those actions which in fact have been abandoned." *Pecot v. Calcasieu-Cameron Hosp. Serv. Dist.*, 03-1102, p. 5 (La. App. 3 Cir. 2/18/04), 867 So.2d 56, 61, *writ denied*, 04-719 (La. 5/7/04), 872 So.2d 1085. Reasonable doubt is resolved in favor of maintaining the litigation. *Id.* Whether a step in the prosecution of the case was taken is a question of fact reviewed for manifest error. *Roy v. Belt*, 13-1116 (La.App. 3 Cir. 10/8/14), 149 So.3d 957, *writ denied*, 14-2363 (La. 2/6/15), 158 So.3d 819.

Because abandonment is a form of prescription, the same exceptions for tolling apply; namely, when the matter has been abandoned through no fault of the plaintiff, or "when the defendant waived his right to plead abandonment by taking any action in the case inconsistent with an intent to treat the case as abandoned." *Pecot*, 867 So.2d at 60. "Properly viewed, these two exceptions evidence two well-established rules of prescription: (1) prescriptions [sic] does not run against one who is unable to interrupt it, and (2) prescription may be interrupted by acknowledgment." *Id.*

We will address Pinnacle's assignments out of order, for reasons that will be demonstrated.

*Assignment of error 3*

Because it addresses the procedure that was followed in this case, Pinnacle's third assignment of error will be addressed first. Abandonment happens as a matter of law without an order. La.Code Civ.P. art. 561(A)(2). However, a party can file an ex parte motion, properly supported by an affidavit, and the trial court *shall* sign the order of dismissal. Article 561 does not provide the trial court the option of ordering a contradictory hearing when it receives a properly supported ex parte order. In the present matter, Liberty Mutual and the trial court followed the proper procedure. Pinnacle's assertion that the trial court should not have signed the order, its third assignment of error, is without merit.

*Assignments of error 4 & 5*

Pinnacle asserts that the ten-year prescriptive period applicable to money judgments pursuant to La.Civ.Code art. 3501 should apply. To address this contention, we must review fundamental law regarding actions and judgments.

"A civil action is a demand for the enforcement of a legal right." La.Code Civ.P. art. 421. Louisiana Code of Civil Procedure Article 461 allows the cumulation of actions against several defendants, but "[e]ach party's demand for enforcement of a legal right against each defendant is regarded as a **separate action** which may be cumulated in a single suit provided there is a community of interest, each of the actions is within the jurisdiction of the court and at the proper venue, and all actions are mutually consistent and employ the same form of procedure." *Richey v. Fetty*, 96-2762, p. 5 (La.App. 1 Cir. 4/8/98), 715 So.2d 1, 8, *writ denied*, 98-2184 (La. 11/13/98), 731 So.2d 257 (emphasis in original).

Once a judgment has been rendered in an action, the principle of abandonment no longer applies because the rights of the parties in *that* action have been decided. *Id.*, (*citing* LaCode Civ.P. art. 1841). A judgment against one defendant does not suspend the abandonment period in the actions against the remaining defendants. *Id.*

7

We, therefore, conclude that 1) the three-year abandonment period of La.Code Civ.P. art. 561 applies to Devere and Liberty Mutual, and 2) actions taken by Unity, which— as matters currently stand— is a judgment debtor, have no bearing upon the determination of whether the actions remaining are abandoned. This assignment of error has no merit.

For the same reasons, we conclude that Pinnacle's fifth assignment of error, complaining that the dismissal impairs its right to enforce its judgment against Unity, lacks merit. The dismissal in favor of Devere and Liberty Mutual cannot inure to Unity's benefit, as Unity has already been cast in judgment.

*Assignment of error 1*

In its first assignment of error, Pinnacle asserts that steps in the prosecution were taken with three years of each other throughout the proceedings. Specifically, Pinnacle points out that the attorneys of record in the case appeared at the hearing on September 25, 2017, for a hearing on Unity's attempt to annul the default judgment. Liberty Mutual, on the other hand, asserts that the appearance on September 25, 2017, was solely to continue the hearing because the parties were seeking a settlement of the case. Mr. Seago's affidavit, which was submitted in support of the ex parte motion, sets forth that "On September 25, 2017, the parties agreed to continue the hearings scheduled for that date on Pinnacle's exceptions and Unity's request for injunctive relief."

Liberty Mutual asserts that an unopposed motion to continue without fixing a new hearing date does not represent a step in the prosecution, as it does not hasten the matter to trial. In support of its position, Liberty Mutual cites *Taylor v. Dash Equip. & Supplies, Inc.*, 18-335 (La.App. 3 Cir. 11/7/18), 258 So.3d 909; *Provenza v. City of Bossier City*, 54,002 (La.App. 2 Cir. 6/30/21), 324 So.3d 246; and *First Bank and Trust v. Proctor's Cove II, LLC*, 19-299 (La.App. 5 Cir. 12/30/19), 287

8

So.3d 888. Each of these cases involved the actual filing of pleadings seeking continuances of hearings or trial dates. None of them involved appearances before the court by the parties or their counsel.

We find no distinction between parties requesting the continuance of a matter beforehand and parties preparing for hearings, agreeing to continue the matter spontaneously and entering that into the record. While none of the parties were present in court on September 25, 2017 for the sole purpose of continuing the hearing, they nonetheless did not perform any function intended to move the case forward. Thus, Pinnacle's first assignment of error lacks merit.

*Assignment of error 2*

Pinnacle asserts "that each defendant waived the right to assert abandonment by taking separate actions inconsistent with an intent to treat the case as abandoned." Specifically, Pinnacle points to enrollment of counsel by Unity, which, as we have explained, is not relevant to the issue of abandonment, and a motion filed by Devere and Liberty Mutual on March 3, 2022:

### MOTION AND ORDER FOR CONTINUANCE

ON MOTION OF John E. Seago, attorney for the herein named. defendants, Devere Swepco JV, LLC and Liberty Mutual Insurance Company, and upon showing to the Court that the hearing on Exceptions scheduled to be heard on March 7, 2022 at 9:00 a:m. should be continued for the following reasons:

1.

Mover, John E. Seago is scheduled for a nephrectomy, to have one of his kidneys removed on March 2, 2022. This is major surgery and Mover's recovery time will extend well beyond the date of the hearing on March 7, 2022. Mover will therefore be unable to prepare for or attend the scheduled hearing. Due to the seriousness of Mover's medical condition the surgery cannot be postponed.

WHEREFORE, Mover prays that the hearing scheduled for March 7, 2022 at 9:00 a.m. be continued and reset by this Honorable Court.

As also noted above, the order submitted to continue the hearing date provided a date for the trial court to refix the hearing, which was set for May 23, 2022.

As noted above, this requires determination that "the defendant waived his right to plead abandonment by taking any action in the case inconsistent with an intent to treat the case as abandoned." *Pecot*, 867 So.2d at 60. "Any action" inconsistent with the intent to treat a matter as abandoned has been equated to a step in the prosecution or defense of the matter. *See Burgess v. Parish of St. Tammany*, 17-153 (La.App. 1 Cir. 10/25/17), 233 So.3d 58, *writ denied*, 17-2179 (La. 2/23/18), 237 So.3d 515; *Lacassagne v. Oster Dev., Inc.*, 16-596 (La.App. 5 Cir. 3/15/17), 215 So.3d 914; *Brown v. Michaels Stores, Inc.*, 07-772 (La.App. 5 Cir. 2/19/08), 980 So.2d 62; *Slaughter v. Arco Chem. Co.*, 05-657 (La.App. 4 Cir. 4/26/06), 931 So.2d 387. As we have already noted, courts have routinely and uniformly ruled that requesting a continuance does not constitute a step in the prosecution; therefore, it cannot serve to renounce abandonment. Devere and Liberty Mutual have performed no actions inconsistent with treating the matter as abandoned. This assignment of error lacks merit.

*Assignments of error 6, 7, & 8*

Pinnacle's sixth, seventh, and eighth assignments of error contest the dismissal based upon the wording of the bond that was posted into the records of the St. Landry Parish Clerk of Court. The bond provides, in pertinent part:

> WHEREAS, Pinnacle Construction Group, LLC did execute a Statement of Claim affidavit dated November 14, 20I2, recorded November 14, 2012, at Act No. 108036, of the Mortgage Records of the Clerk and Recorder of Mortgages for the Parish of St. Landry, State of Louisiana, thereby claiming a lien against the Contractor and. the Owner for work on the Property in the principal sum of $198,500.00 under the provisions of La. R. S. 9.4802, *et seq*.; and

> WHEREAS, Owner and Contractor desire to bond said claim of lien as authorized by the provisions of La. R.S. 9:4835.

Now the condition of the above obligation is such that in the event that the legality of the aforesaid claim of lien is established by suit or otherwise, this bond shall remain in full force and effect to protect the interest of the claimant in the premises, and to secure payment of said claim by the Owner and/or Contractor.

The Private Works Act, La.R.S. 9:4801-58, creates the regime by which privileges are created against immovables by contractors, tradesmen, and others; the ranking of those privileges; the preservation or extinguishment of those privileges; and the enforcement of the privileges. The Private Works Act was amended by 2019 La.Acts No. 325. Section 6 of the act provides that it is effective as to works begun on or after January 1, 2020. As the Act existed when this claim was instituted, it provided that "The surety's liability, except as to the owner, is extinguished as to all persons who fail to institute an action asserting their claims or rights against the owner, the contractor, or the surety within one year after the expiration of the time specified in R.S. 9:4822 for claimants to file their statement of claim or privilege." La.R.S. 9:4813(E)(1982). Louisiana Revised Statutes 9:4813(D) requires the claimant, other than the owner, to refrain from filing its action until thirty days after delivery of its statement or claim or privilege to the surety.

So, as between a contractor or a subcontractor and the surety on a payment bond, the liberative prescriptive period is one year. Liberative prescription bars the action. La.Civ.Code art. 3447. The issue here is abandonment of the suit once commenced, and nothing in the Private Works Act contradicts or supersedes La.Code Civ.P. art. 561, even under the circumstance when the subcontractor has obtained a judgment against the owner or contractor. This conclusion is bolstered by the language of La.Code Civ.P. art. 561(A)(1), which expressly excludes only succession proceedings that have been opened, in which an executor or administrator has been appointed, or in which a testament has been probated. No other types of actions are excluded by the language of Article 561.

11

## CONCLUSION

Louisiana Code of Civil Procedure Article 561 strikes a balance between giving a party its day in court and ensuring that claims get resolved within a reasonable time. It is imperative that the litigants move their cases to resolution, the failure of which results in dismissal.

In the present matter, Liberty Mutual and the trial court properly followed La.Code Civ.P. art. 561 in the presentation and signing of the ex parte order of dismissal. That Pinnacle has obtained a judgment against Unity is of no moment to its actions against Devere or Liberty Mutual; each represents a separate action that has been cumulated in a single lawsuit. A judgment against one defendant does not suspend the abandonment period in the actions against the remaining defendants.

In the present matter, no substantive step in the prosecution was taken for over a three-year period ending on September 25, 2020. No subsequent action by any defendant evidenced a waiver of that abandonment.

The judgment of the trial court is affirmed. All costs of this appeal are taxed to plaintiff/appellant, Pinnacle Construction Group, LLC

**AFFIRMED.**